McCAHAN v BRENNAN

Docket No. 292379. Submitted October 7, 2010, at Lansing. Decided
February 1, 2011, at 9:00 a.m.

    Christina McCahan was injured in an automobile accident on the
campus of the University of Michigan on December 12, 2007. The
other driver, Samuel K. Brennan, was driving a car owned by the
university and was on university business at the time. On May 7,
2008, plaintiff's counsel sent a letter to the university, indicating
that counsel intended to represent plaintiff in a lawsuit concerning
the accident. On October 31, 2008, plaintiff filed a notice of intent
to file a claim in the Court of Claims. After plaintiff brought the
action against Brennan and the University of Michigan Regents in
the Court of Claims, the university sought summary disposition on
the basis that the notice of intent to file the claim had not been
filed within the period provided in MCL 600.6431(3). The court,
Archie C. Brown, J., agreed with the university and granted
summary disposition in its favor. Plaintiff appealed.

    The Court of Appeals *held*:

    1. MCL 600.6431(3) clearly states that plaintiffs with property
damage or personal injury claims against the state must file a
notice of intention to file the claim or the claim itself in the Court
of Claims within six months of the event giving rise to the claim.
Substantial compliance does not satisfy the statute. The facts show
that plaintiff did not file the notice of intent within six months of
the accident and, therefore, did not comply with the requirements
of MCL 600.6431(3).

    2. The university did not have to show that it was prejudiced
by plaintiff's failure to comply with the clear requirements of MCL
600.6431(3). Like the statute in *Rowland v Washtenaw Co Rd
Comm*, 477 Mich 197 (2007), which also set forth a notice require-
ment, the statute in this case is straightforward, clear, unambigu-
ous, and not constitutionally suspect, and it must be enforced as
written. The court properly granted summary disposition in favor
of the university.

    Affirmed.

FITZGERALD, J., dissenting, stated that the decision in *May v Dep't of Natural Resources*, 140 Mich App 730 (1985), which held that a plaintiff's claims were not barred by a failure to comply with MCL 600.6431(3) unless the defendant established that it was prejudiced by the noncompliance, had not been reversed or specifically overruled and should be followed in this case. The Supreme Court did not construe the language of MCL 600.6431(3) in *Rowland*, when, in interpreting MCL 691.1404(1), it held that the defendant was not required to show actual prejudice resulting from the plaintiff's failure to comply with a statutory filing requirement. Because the statutes in *May* and *Rowland* differed and the Supreme Court has not extended the *Rowland* holding to MCL 600.6431(3), *May* should control the decision in this case. The order granting summary disposition should be reversed and the case should be remanded for trial because the university, as a result of the May 7, 2008, letter from plaintiff's counsel, had actual knowledge of plaintiff's intention to file the claim within six months following the accident.

ACTIONS — COURT OF CLAIMS — NOTICE OF INTENT TO FILE A CLAIM — CONDITIONS PRECEDENT TO BRING AN ACTION — SUBSTANTIAL COMPLIANCE WITH NOTICE REQUIREMENTS — PREJUDICE.

The requirement stated in MCL 600.6431(3), that in all actions against the state for property damage or personal injuries the claimant must file with the clerk of the Court of Claims a notice of intention to file a claim or the claim itself within six months following the event giving rise to the cause of action, is a condition precedent to suing the state; substantial compliance does not satisfy the statute, and the state is not required to show actual prejudice when a plaintiff fails to comply with the statutory notice requirement.

*Moss & Colella, P.C.* (by *Christian P. Collis*), and *Allan Falk, P.C.* (by *Allan Falk*), for Christina McCahan.

*Pear Sperling Eggan & Daniels, P.C.* (by *Karl V. Fink*, Special Assistant Attorney General), for the University of Michigan Regents.

Before: SAWYER, P.J., and FITZGERALD and SAAD, JJ.

SAWYER, P.J. Plaintiff appeals the Court of Claims' order granting the University of Michigan Regents (the university) summary disposition. MCR 2.116(C)(8) and (10). We affirm.

On December 12, 2007, plaintiff was injured in a car accident with a student, Samuel Brennan, on the University of Michigan's campus. The student was driving a car owned by the university, while on university business. On May 7, 2008, plaintiff's counsel sent a letter to the university indicating that plaintiff's counsel intended to represent plaintiff in a lawsuit over the car accident. On October 31, 2008, plaintiff filed a notice of intent to file a claim in the Court of Claims that was signed by plaintiff and plaintiff's counsel. After plaintiff filed an action against Brennan and the university, the trial court granted summary disposition in favor of the university because plaintiff had not complied with MCL 600.6431(3).

The language of MCL 600.6431 clearly states the steps a plaintiff must take in order to make a claim against the state:

> (1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

* * *

> (3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

The filing requirement is a condition precedent to sue the state. See *Reich v Hwy Comm*, 43 Mich App 284, 287-289; 204 NW2d 226 (1972). When interpreting statutes, the court looks to the language of a statute first. Only if a statute is ambiguous or in conflict with another provision does a court clarify through judicial construction. *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 157, 166; 680 NW2d 840 (2004). The Legislature is presumed to have written the statute to mean what the Legislature intended it to mean. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007). MCL 600.6431(3) clearly states that plaintiffs with personal injury claims shall file a notice of intention to file the claim or the claim itself in the Court of Claims within six months of the event giving rise to the claim.

Plaintiff argues that she has substantially complied with the statute, but substantial compliance does not satisfy MCL 600.6431(3). Subsection (3) clearly states that a "claimant *shall* file with the clerk of the court of claims . . . within 6 months following the happening of the event . . . ." (Emphasis added.) The word "shall" designates a mandatory provision. *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008); *People v Francisco*, 474 Mich 82, 87; 711 NW2d 44 (2006). Clear statutory language must be enforced as written. *Fluor Enterprises, Inc v Treasury Dep't*, 477 Mich 170, 174; 730 NW2d 722 (2007); *People v Gillis*, 474 Mich 105, 115; 712 NW2d 419 (2006). Here, because plaintiff brought a personal injury claim, plaintiff had to file a notice of intention to file a claim with the Court of Claims within six months of the accident. She did not. The facts show that plaintiff filed a notice of intention to file a claim with the Court of Claims months past the

six-month statutory requirement. Plaintiff did not comply with the requirements of MCL 600.6431(3).

Plaintiff also argues that the state must show prejudice when a plaintiff does not comply with a statutory filing requirement. But in *Rowland*, the Michigan Supreme Court overturned several cases that had required the state to show actual prejudice when a plaintiff failed to comply with a statutory filing requirement. *Rowland*, 477 Mich at 200, 213. The Court in *Rowland* stated that because the language of the statute at issue in that case was clear regarding its notice requirement, the Court would not give the statute any judicial construction. The filing requirement was strictly applied. *Id.* at 200 (interpreting the 120-day filing requirement of MCL 691.1404). The Court in *Rowland* returned to the well-founded principle that the Legislature is presumed to have written what the Legislature meant, and courts will not use judicial construction where the meaning of a statute is clear. *Id.* at 219. The filing requirement must be applied as it is written.

We recognize that *Rowland* dealt with a different notice requirement than does this case. There does not appear to be any published decision of either this Court or the Supreme Court that definitively determines whether the *Rowland* rationale should also be applied to the notice requirements of MCL 600.6431. Indeed, two justices of the Supreme Court disagreed on this point in separate statements to an order denying leave to appeal in *Beasley v Michigan*, 483 Mich 1025 (2009). Then Chief Justice KELLY, in her concurring statement, rejected the defendant's argument that *Rowland* should be applied to the notice provision of MCL 600.6431(3), concluding that *Rowland* was distinguishable because it dealt with a different statutory provi-

sion. *Id:* at 1025 (KELLY, C.J., concurring). Justice CORRIGAN, on the other hand, in her dissenting statement to the order denying leave to appeal, opined that *Rowland* does apply to the notice provisions of MCL 600.6431. In particular, she noted that *Rowland* "rejected earlier caselaw that had assumed notice provisions are unconstitutional if they do not contain a prejudice requirement," as well as the fact that the notice requirement in *Rowland* "is substantively identical" to the notice provisions of MCL 600.6431. *Id.* at 1028 (CORRIGAN, J., dissenting). Justice CORRIGAN also noted that the statute clearly provides that no claim may be maintained unless the notice is filed with the Court of Claims, which did not happen. *Id.*

We conclude that Justice CORRIGAN's view represents the better interpretation of the issue. While *Rowland* did directly deal with a claim arising under the defective-highway exception to governmental immunity, we, like Justice CORRIGAN, are not persuaded that the *Rowland* rationale is somehow limited to MCL 691.1404. Indeed, one of the cases that *Rowland* reviewed and rejected, *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973), overruled by *Rowland*, 477 Mich 197, dealt with a six-month notice requirement under the Motor Vehicle Accident Claims Act, MCL 257.1118. In rejecting *Carver* and other cases, *Rowland* stated that "[i]n reading an 'actual prejudice' requirement into the statute, this Court not only usurped the Legislature's power but simultaneously made legislative amendment to make what the Legislature wanted—a notice provision with no prejudice requirement—impossible." *Rowland*, 477 Mich at 213. Ultimately, *Rowland*, 477 Mich at 219, concluded that "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect. Accordingly, we conclude that it must be enforced as written." The same can be said

of MCL 600.6431(3).[1]

In sum, plaintiff did not comply with the plain language of the filing requirement of MCL 600.6431(3). Subsection (3) clearly requires that a plaintiff with a personal injury claim against the state must file a notice of intention to file the claim or the claim itself with the clerk of the Court of Claims within six months of the event giving rise to the claim. Plaintiff did not file her notice of intention to file a claim with the Court of Claims until several months after the six-month deadline had passed. Accordingly, the Court of Claims properly granted summary disposition to the university.

Affirmed. Defendant University of Michigan Regents may tax costs.

Saad, J., concurred.

Fitzgerald, J. (*dissenting*). The majority concludes, on the basis of *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007), that plaintiff's failure to comply with the plain language of the notice requirement of MCL 600.6431(3) mandated summary disposition in favor of the University of Michigan Regents (the university). Because the case before us construes a

---

[1] Judge Sawyer acknowledges that he was previously a member of a Court of Appeals panel that issued an opinion that reached a different conclusion. *Cunmulaj v Chaney*, unpublished opinion per curiam of the Court of Appeals, issued February 12, 2009 (Docket Nos. 282264 and 282265). Specifically, that opinion reached the conclusion that "[t]here is no reason to extend our Supreme Court's holding [in *Rowland*] to overturn the previous standard of substantial compliance with statutory notice requirements in other statutes." *Id.* at 3. Because *Cunmulaj* is an unpublished opinion, it is of course not precedentially binding. MCR 7.215(C)(1). Judge Sawyer, upon giving the matter further consideration, is now persuaded that *Cunmulaj* erroneously decided this point and disavows that opinion to the extent that it conflicts with the opinion in the case at bar.

statute other than MCL 691.1404, I respectfully dissent for the reasons stated by Chief Judge MURPHY in his dissenting opinion in *Prop & Cas Ins Co of the Hartford v Dep't of Transp*, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2010 (Docket No. 285749), which I quote in relevant part and whose reasoning I adopt:

> Because *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007), did not construe the language in MCL 600.6431(3), and because our Supreme Court has evidently decided not to extend the holding in *Rowland* to MCL 600.6431(3), I am not prepared to disavow *May v Dep't of Natural Resources*, 140 Mich App 730; 365 NW2d 192 (1985). In *May*, this Court held that a plaintiff's claims are not barred by failure to comply with MCL 600.6431(3) unless the defendant established that it was prejudiced by the noncompliance. *May* has not been reversed or explicitly overruled.
>
> *Rowland* interpreted MCL 691.1404(1), which differs from the statute at issue here, MCL 600.6431(3). MCL 691.1404(1) provides that compliance with the notice provision is "a condition to any recovery for injuries sustained by reason of any defective highway;" however, MCL 600.6431(3) does not contain comparable "recovery precondition" language. More importantly, our own Supreme Court does not appear to be prepared to extend the holding in *Rowland* to MCL 600.6431(3). In *Beasley v Michigan*, 483 Mich 1025; 765 NW2d 608 (2009), the Michigan Supreme Court denied an application for leave to appeal relative to an order of this Court that had denied leave to appeal, which in turn pertained to an order by the Court of Claims denying summary disposition to the state. As reflected in a concurring opinion issued by CHIEF JUSTICE KELLY in *Beasley*, the state brought the motion for summary disposition on the basis that the plaintiff, who had been injured in a motor vehicle accident involving a state-owned vehicle, failed to comply with the notice requirement of MCL 600.6431(3). Thus, while I recognize that Supreme Court orders denying leave do not have preceden-

tial value, the order does appear to signal a mindset that *Rowland* is inapplicable to MCL 600.6431(3). . . .

Until the Supreme Court decides to substantively address the impact of *Rowland* on MCL 600.6431(1), which I encourage it to do as soon as possible, I will continue to recognize and respect this Court's decision in *May*. In my opinion, it defies logic to dismiss plaintiffs' claims here, where in *Beasley* the plaintiff is being permitted to proceed in the Court of Claims with the apparent blessing of the Supreme Court.

I would reverse the order granting summary disposition in favor of the university. While in some cases under MCL 600.6431(3) a remand for a determination whether a defendant can establish that it was prejudiced by a plaintiff's failure to file a claim with the Court of Claims within six months of the accident will be warranted, such a remand in this case is not necessary. The accident occurred on December 12, 2007. On May 7, 2008, plaintiff's counsel sent a letter to the university, addressed to the office of legal counsel, indicating that plaintiff's counsel intended to represent plaintiff in a lawsuit over the accident. On May 28, 2007, a senior claims representative of the University of Michigan Risk Management Services sent a letter to plaintiff's counsel acknowledging counsel's letter and indicating that the university would conduct a full investigation into the accident. The representative also requested additional information about the accident. The university's counsel was also provided a copy of the letter from the representative. Clearly, the university had actual knowledge of plaintiff's intention to file a claim within six months following the accident. Under these circumstances, I would remand for trial.