# STATE OF MICHIGAN

# COURT OF APPEALS

---

ALLEN PARK RETIREES ASSOCIATION, INC,
and RUSSELL PILLAR and all others similarly
situated,

        Plaintiffs-Appellants,

v

STATE OF MICHIGAN, DEPARTMENT OF
TREASURY, and CITY OF ALLEN PARK
EMERGENCY MANAGER,

        Defendants-Appellees.

UNPUBLISHED
November 29, 2016

Nos. 327470; 329593
Court of Claims
LC No. 13-000164-MZ

---

Before: MURRAY, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

In these consolidated appeals, plaintiffs appeal from two distinct Court of Claims orders. In Docket No. 327470, plaintiffs have attempted[1] to claim an appeal as of right from the Court of

---

[1] At the outset, we conclude that this Court lacks jurisdiction over Docket No. 327470 as an appeal of right under MCR 7.203(A). Plaintiffs claim an appeal as of right under MCR 7.203(A)(2) ("The court has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule."). In support, plaintiffs cite *Attorney General v Blue Cross Blue Shield of Mich*, 291 Mich App 64, 75-76; 810 NW2d 603 (2010) (*BCBSM*), which, in turn, cited *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146; 742 NW2d 409 (2007) (*Rooyakker*).

*BCBSM* and *Rooyakker* are, however, distinguishable from the instant case for two primary reasons. First, unlike *BCBSM* and *Rooyakker*, here the order appealed from did not adjudicate the rights and liabilities of *all* of the parties. Although it may have adjudicated the rights and liabilities of plaintiffs and EM Parker, the order appealed from did not adjudicate the rights and liabilities of the state defendants. Second, again unlike *BCBSM* and *Rooyakker*, here the order appealed from did not dispose of *all* claims. The transfer of EM Parker's claims to Wayne Circuit Court did not "dispose" of those claims. Moreover, even assuming, arguendo,

-1-

Claims order denying plaintiffs' motion to consolidate this case with plaintiffs' case against Emergency Manager Joyce Parker (EM Parker) and the City of Allen Park (Allen Park), and instead transferring the emergency manager case to Wayne Circuit Court. In Docket No. 329593, plaintiffs appeal as of right from the Court of Claims order granting defendants summary disposition of all of plaintiffs' several claims. In both appeals, we affirm.

## I. FACTUAL BACKGROUND

This case arises out of Allen Park's insolvency, the resulting appointment of EM Parker, the passage of the local financial stability and choice act (LFSCA), MCL 141.1541 *et seq.*, and actions taken by EM Parker both before and after the LFSCA's effective date of March 28, 2013. On March 8, 2013, EM Parker allegedly mailed a "form letter" to "all Allen Park retirees[.]" In her letter, EM Parker informed the retirees that, as a cost-saving measure to avoid bankruptcy, she intended to modify the healthcare coverage afforded to the retirees and their dependents by Allen Park. She subsequently did so.

In response, plaintiffs initiated this action on October 7, 2013, by filing a six-count verified complaint in Ingham Circuit Court, which named as defendants Allen Park, EM Parker, and the state defendants. Plaintiffs alleged that the LFSCA violates numerous provisions of our 1963 Constitution and asserted various contractual theories against EM Parker. Plaintiffs' complaint acknowledged that Allen Park is located in Wayne County—not Ingham County—but asserted that venue was nevertheless proper in Ingham Circuit Court.

On December 6, 2013, EM Parker filed a motion to change venue, arguing that venue was improper in Ingham County and requesting a change of venue to Wayne County. That same day, the state defendants filed a notice of transfer, pursuant to a provision of the court of claims act, MCL 600.6404(3), indicating that plaintiffs' claims against the state defendants were being transferred "effective immediately" to the Court of Claims.

On January 7, 2013, plaintiffs filed a motion for class certification in Ingham Circuit Court, seeking to certify all Allen Park retirees as a plaintiff class. That same day, however, the Ingham Circuit Court granted EM Parker's motion to change venue, thereby transferring the remaining Ingham Circuit Court action (i.e., plaintiffs' case against EM Parker and Allen Park) to Wayne Circuit Court.

Roughly four months later, on May 12, 2013, plaintiffs filed an "expedited" motion to transfer the circuit court action to the Court of Claims. In support, plaintiffs argued that (1)

that the transfer *did* dispose of plaintiffs' claims against EM Parker, it did not dispose of plaintiffs' claims against the state defendants; ergo, it did not dispose of all claims in the action.

For those reasons, we conclude that the order appealed from in Docket No. 327470 does not qualify as a final order from which plaintiffs can claim an appeal as of right. Nevertheless, in the interest of judicial economy, and given the fact that there is a consolidated appeal here involving the same parties, in which plaintiffs have properly claimed an appeal as of right, we exercise our discretion to consider Docket No. 327470 as on leave granted. See *City of Detroit v Michigan*, 262 Mich App 542, 546; 686 NW2d 514 (2004).

following the effective date of 2013 PA 164, which altered the subject-matter jurisdiction of the Court of Claims, the Court of Claims had "exclusive" jurisdiction over claims against the state, its departments, and its officers, (2) EM Parker qualifies as a state officer, (3) therefore, the Wayne Circuit Court lacked subject-matter jurisdiction over plaintiffs' action against EM Parker, and (4) the Wayne Circuit Court should transfer plaintiffs' claims against EM Parker to the Court of Claims. The Wayne Circuit Court subsequently agreed with plaintiffs, holding that EM Parker qualified as a state officer. Thus, the Wayne Circuit Court granted plaintiffs' motion to transfer plaintiffs' claims against EM Parker to the Court of Claims.

After the circuit court action was transferred to the Court of Claims, plaintiffs filed another motion for class certification, again seeking to certify all Allen Park retirees as a plaintiff class. Plaintiffs also filed a motion to consolidate the two cases they then had pending in the Court of Claims, i.e., (1) the claims against the state defendants that had been transferred from Ingham Circuit Court, and (2) the claims against EM Parker that had been transferred from Wayne Circuit Court. Plaintiffs also sought leave to file a first amended complaint.

In response, the state defendants and EM Parker argued that, because she is a local rather than state official, the Court of Claims lacked subject-matter jurisdiction over the claims against EM Parker. The state defendants and EM Parker further argued that plaintiffs should be denied leave to amend their complaint because any amendment would be futile. Plaintiffs contended that any new claims or theories added by plaintiffs' amendment would be barred by a notice provision of the court of claims act, MCL 600.6431.

Ultimately, the Court of Claims decided to transfer plaintiffs' claims against EM Parker back to Wayne Circuit Court, reasoning that the circuit court had misinterpreted the jurisdictional provisions of the court of claims act. The Court of Claims granted plaintiffs' motion to file a first amended complaint, reasoning that, because the state defendants had not yet filed any responsive pleading to plaintiffs' complaint, but had instead filed a motion for summary disposition in lieu of an answer, plaintiffs were entitled to amendment as a matter of course. Following the trial court's decision to transfer plaintiffs' claims against EM Parker back to Wayne Circuit Court, plaintiffs filed a claim of appeal in this Court, thereby instituting Docket No. 327470.

Plaintiffs filed their first amended complaint on May 6, 2015. As in their original complaint, plaintiffs asserted six counts, albeit via substantially different wording. In lieu of answering plaintiffs' first amended complaint, defendants filed a motion for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and (C)(8) (failure to state a claim upon which relief can be granted). Defendants argued, *inter alia*, that (1) plaintiffs' first amended complaint failed to allege that EM Parker's actions were imputable to the state defendants and, as such, did not allege a cognizable claim against the state defendants, (2) because plaintiffs failed to file a claim against defendants in the Court of Claims, or notice of their intent to file a claim, within six months of the date their claims allegedly accrued, those claims were barred under MCL 600.6431(3), (3) in any event, even if plaintiffs' claims were not barred, those claims nevertheless fail on the merits.

In response, plaintiffs argued that their claims were not barred by MCL 600.6431(3). Plaintiffs argued that jurisdiction must be determined as of the inception of the case—here, when

-3-

they filed their October 7, 2013 complaint in Ingham Circuit Court—and that, at that time, jurisdiction was perfected in Ingham Circuit Court.

After considering the matter, the Court of Claims issued an opinion and order granting defendants summary disposition of all claims. At the outset, the Court of Claims decided in defendants' favor that EM Parker's actions could not be imputed to the state defendants. Nevertheless, "due to the significant import of plaintiffs' constitutional claims," the Court of Claims proceeded to consider the substantive merits of those claims rather than "rest[ing] its decision on the non-imputation of an emergency manager's actions to the State[.]"

Concerning the notice provision of the court of claims act, MCL 600.6431, the Court of Claims decided that, contrary to defendants' argument, plaintiffs were subject to the one-year period under MCL 600.6431(1), not the six-month period for actions for "property damage or personal injuries" under MCL 600.6431(3). Given the one-year period, the Court of Claims decided that plaintiffs' October 7, 2013 complaint in Ingham Circuit Court sufficed to satisfy MCL 600.6431(1)—at least as to the claims alleged in the October 7, 2013 complaint. However, the Court of Claims decided that the "new counts" added by plaintiffs' first amended complaint, specifically "new due process and contract impairment claims," were barred by the one-year notice period under MCL 600.6431(1). Further, the Court of Claims rejected all of plaintiffs' constitutional challenges to the LFSCA and all of plaintiffs' contract-based claims on the merits.

Following the Court of Claims' summary disposition decision in favor of defendants, plaintiffs filed another claim of appeal in this Court, thereby instituting Docket No. 329593.

## II. STANDARD OF REVIEW

Jurisdictional issues and those of statutory interpretation are reviewed de novo, *Pecoraro v Rostagno-Wallat*, 291 Mich App 303, 311; 805 NW2d 226 (2011), as is the interpretation of the court rules governing class actions and class certification, *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

## III. ANALYSIS

### A. SUBJECT-MATTER JURISDICTION

Plaintiffs first argue that the Court of Claims erred by concluding that the Wayne Circuit Court had subject-matter jurisdiction over plaintiffs' claims against EM Parker and further erred by transferring those claims back to Wayne Circuit Court. We disagree.

Notably, the Court of Claims never ruled that *it* lacked subject-matter jurisdiction to hear and decide plaintiffs' claims against EM Parker. Rather, the Court of Claims ruling was premised on its decision that the Wayne Circuit Court had transferred the claims against EM Parker to the Court of Claims based on an erroneous decision that *the circuit court* lacked subject-matter jurisdiction over such claims.

The Court of Claims properly concluded that the Wayne Circuit Court had subject-matter jurisdiction over plaintiffs' claims against EM Parker. Although the jurisdiction of the Court of Claims is generally exclusive, see MCL 600.6419(1), under MCL 600.6421(4)(a), if a "matter is

not transferred" from circuit court to the Court of Claims via a notice of transfer, "the jurisdiction of the [C]ourt of [C]laims is not exclusive and the circuit . . . court may continue to exercise jurisdiction over that matter." Here, defendants never filed a notice of transfer regarding plaintiffs' claims against EM Parker. Hence, the Ingham Circuit Court retained jurisdiction over those claims. The matter was subsequently transferred to the Wayne Circuit Court on EM Parker's motion. As such, the Court of Claims was correct in deciding that the Wayne Circuit Court had subject-matter jurisdiction over plaintiffs' claims against EM Parker.

Moreover, the Court of Claims properly determined that the appropriate remedy was to transfer the claims against EM Parker back to Wayne Circuit Court. When, in the mistaken belief that it lacks subject-matter jurisdiction, a trial court of competent jurisdiction transfers a matter to a different court under MCR 2.227, the court to which the matter was transferred must transfer it back.[2] *Clohset v No Name Corp*, 302 Mich App 550, 570; 840 NW2d 375 (2013).

## B. CLASS CERTIFICATION

Plaintiffs next argue that the Court of Claims erred by granting defendants summary disposition without first ruling on plaintiffs' motion for class certification. We disagree.

Plaintiffs' argument is directly contravened by MCR 3.501(D), which provides, in pertinent part,

(2) A judgment entered before certification of a class binds only the named parties.

---

[2] Defendants contend that, because plaintiffs never filed a claim against EM Parker in the Court of Claims (or notice of intent to file one), the Court of Claims should have concluded that it did not have subject-matter jurisdiction over such claims at all. On that basis, defendants argue, the Court of Claims should have dismissed plaintiffs' claims against EM Parker rather than transferring those claims back to Wayne Circuit Court. Defendants' argument in this regard is improper because (1) defendants are the appellees, (2) seek a decision more favorable than the one rendered by the Court of Claims, and (3) have not filed a cross-appeal. See *Barrow v Detroit Election Comm*, 305 Mich App 649, 683; 854 NW2d 489 (2014). Moreover, defendants' argument is directly contravened by established case law. It is true that our Supreme Court has held, "When a court lacks subject-matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void." *Reed v Yackell*, 473 Mich 520, 548; 703 NW2d 1 (2005), quoting *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992). However, our Supreme Court has also recognized that "MCR 2.227(A)(1) allows a court to transfer an action to another tribunal when it 'determines that it lacks jurisdiction of the subject matter of the action.' " *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, ___; ___ NW2d ___ (2016). Thus, even assuming, arguendo, that the Court of Claims lacked subject-matter jurisdiction over the claims against EM Parker, it was nevertheless appropriate for the Court of Claims to transfer those claims back to Wayne Circuit Court.

-5-

(3) A motion for judgment (including partial judgment) under MCR 2.116 may be filed and decided before the decision on the question of class certification. A judgment entered before certification in favor of a named party does not preclude that party from representing the class in the action if that is otherwise appropriate.

Thus, contrary to plaintiffs' argument, it is clear that the Court of Claims's judgment binds only the named parties to this action, not any putative class members. Moreover, the Court of Claims did not commit error by issuing its judgment without first ruling on plaintiffs' motion for class certification.

## C. NOTICE UNDER MCL 600.6431

Finally, plaintiffs argue that the Court of Claims erred by holding that the "new" claims asserted in plaintiffs' first amended complaint were barred under MCL 600.6431. On the contrary, we conclude that *all* of plaintiffs claims in this action were barred under that statute.

MCL 600.6431 provides,

(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files *in the office of the clerk of the court of claims* either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

(2) Such claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms or agencies designated.

(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

Concerning the above statute, the Court of Claims decided that plaintiffs were subject to the one-year period under MCL 600.6431(1), not the six-month period for actions for "property damage or personal injuries" under MCL 600.6431(3). The Court of Claims accepted plaintiffs' contention that their claims accrued on the date of EM Parker's March 8, 2013 letter to the Allen Park retirees, and for the purposes of this analysis we also accept, without deciding, the premise that plaintiffs' claims accrued on March 8, 2013. Given the one-year period, and the March 8, 2013 accrual date, the Court of Claims decided that plaintiffs' October 7, 2013 complaint sufficed to satisfy MCL 600.6431(1), at least as to the claims alleged in the October 7, 2013

complaint. However, the Court of Claims decided that any "new counts" added by plaintiffs' first amended complaint were barred by the one-year notice period under MCL 600.6431(1).

By so ruling, the Court of Claims erred, at least insofar as the Court of Claims held that plaintiffs' October 7, 2013 complaint sufficed to partially satisfy MCL 600.6431(1). The Court of Claims should, instead, have ruled that *all* of plaintiffs' claims against the state defendants were barred by MCL 600.6431(1).

Under the unambiguous language of MCL 600.6431(1), the requisite claim or notice of intent to file a claim must be filed "within 1 year after such claim has accrued" and must be filed by the claimant "in the office of the clerk of the court of claims[.]" Compliance with MCL 600.6431 is a "condition precedent to sue the state," *McCahan v Brennan*, 291 Mich App 430, 433; 804 NW2d 906 (2011), "and a claimant's failure to comply strictly with this notice provision warrants dismissal of the claim, even if no prejudice resulted," *Rusha v Dep't of Corrections*, 307 Mich App 300, 307; 859 NW2d 735 (2014). "By naming the Clerk of the Court of Claims as the agent for the receipt of verified notice of potential claims, the Legislature has established a clear procedure that eliminates any ambiguity about whether an attempted notice is effective." *McCahan v Brennan*, 492 Mich 730, 744 n 24; 822 NW2d 747 (2012).

Here, it is undisputed that plaintiffs filed their October 7, 2013 complaint in Ingham Circuit Court, i.e., not "in the office of the clerk of the court of claims[.]"[3] Thus, although the October 7, 2013 complaint provided defendants with actual notice of the claims against them, it was nevertheless insufficient to satisfy MCL 600.6431(1). The phrase "in the office of the clerk of the court of claims" means precisely what it says: "in the office of the clerk of the court of claims." *Id.* at 748 n 29. Moreover, the lower court record establishes that plaintiffs never filed "a written notice of intention to file a claim" in the Court of Claims, let alone one "signed and verified by the claimant before an officer authorized to administer oaths." It was only on May 6, 2015—more than a year after plaintiffs' claim accrued—that plaintiffs filed their verified, first amended complaint in the Court of Claims.

Thus, the record establishes that plaintiffs failed to comply with MCL 600.6431. In consequence, summary dismissal of all of plaintiffs' claims against defendants was appropriate, see *Rusha*, 307 Mich App at 307, and we need not analyze the remaining issues raised by plaintiffs on appeal, *Fisher v Blankenship*, 286 Mich App 54, 70; 777 NW2d 469 (2009) ("[T]his Court will affirm where the trial court came to the right result even if for the wrong reason."). Indeed, as a matter of judicial restraint we refuse to do so. See *In re Forfeiture of 2000 GMC Denali and Contents*, ___ Mich App ___, ___ n 3; ___ NW2d ___ (2016) (Docket No. 328547); slip op at 4 n 3 (noting "the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor

_____

[3] Although it is true that the Court of Claims was, at the time plaintiffs filed their October 7, 2013 complaint, housed by the Ingham Circuit Court, plaintiffs' complaint was captioned "**IN THE 30ᵀᴴ JUDICIAL CIRCUIT OF INGHAM COUNTY**," was time-stamped with the seal of the Ingham County Clerk, and contained allegations asserting that jurisdiction and venue were proper in Ingham Circuit Court.

formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.") (quotation marks and citations omitted); see also *In re MS*, 291 Mich App 439, 442; 805 NW2d 460 (2011) ("[W]e will not address constitutional issues when, as here, we can resolve an appeal on alternative grounds.").

Affirmed. As the prevailing parties, defendants may tax costs under MCR 7.219.


/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder