*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRED ST. ONGE and KAREN ROSS,

      Plaintiffs-Appellants/Cross-
      Appellees,

UNPUBLISHED
July 30, 2019

v

BRAY, CAMERON, LARRABEE & CLARK,
PC, doing business as UPPER MICHIGAN LAW,

      Defendant-Appellee/Cross-
      Appellant.

No. 341953
Marquette Circuit Court
LC No. 17-055772-NM

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

In this legal malpractice case, plaintiffs appeal by leave granted the trial court's order denying their motion for partial summary disposition pursuant to MCR 2.116(I) (opposing party entitled to judgment). Defendant cross-appeals, arguing the trial court erred in denying its motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We affirm the trial court's denial of defendant's motion for summary disposition and reverse its denial of plaintiffs' partial motion for summary disposition.

Plaintiffs were injured in an automobile accident with an employee of the Michigan Department of Licensing and Regulatory Affairs. They hired Richard Clark, an attorney with defendant Bray, Cameron, Larrabee & Clark, P.C., to pursue legal remedies. Clark filed a notice of intent to file a claim against the state within six months of the accident in an effort to comply with MCL 600.6431. Although plaintiffs did not sign the notice, their attorney signed it on their behalf. Clark later filed a complaint in the Court of Claims seeking compensation for plaintiffs' injuries resulting from the car accident. The state filed a motion for summary disposition, arguing that the notice was defective because plaintiffs had failed to sign it as required by MCL 600.6431(1). The Court of Claims denied the state's motion, concluding that notice was sufficient because attorneys were permitted to sign documents on behalf of their clients. A panel of this Court reversed on appeal and remanded to the Court of Claims, concluding that the notice

-1-

was deficient because plaintiffs themselves were required to sign pursuant to MCL 600.6431(1). *Fred St. Onge and Karen Ross v State of Michigan*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2015 (Docket No. 320800).

Plaintiffs then filed the instant action against defendant alleging legal malpractice. Defendant filed a motion for summary disposition, asserting that Clark's performance was competent. Defendant argued that the law governing what constitutes compliance with the notice requirements of the statute had changed in August of 2012 (after Clark had already filed the notice) when the Michigan Supreme Court held that deficient notices were not permissible in cases of statutory waiver of governmental immunity, and that a strict reading of notice statutes such as MCL 600.6431 was required. See *McCahan v Brennan*, 492 Mich 730; 822 NW2d 747 (2012) (*McCahan II*). The trial court denied defendant's motion and plaintiffs' request for summary disposition, concluding that prior to our Supreme Court's decision in *Fairley v Dep't of Corrections*, 497 Mich 290; 871 NW2d 129 (2015), "substantial compliance" with the signature requirement of MCL 600.6431(1) was sufficient for notice to be effective, but that there were genuine issues of material fact as to whether the notice filed by Clark had substantially complied with the statute. We disagree that substantial compliance was the proper interpretation of the statute prior to *Fairley*.

## I.  MCL 600.6431(1)

MCL 600.6431 sets forth the requirements for parties who wish to file a claim against the state as an exception to the general principle of governmental immunity:

> (1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.
>
> * * *
>
> (3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

In *McCahan*, the plaintiff was injured in a car accident with a student on the campus of the University of Michigan while the student was driving a university-owned vehicle on university business. See *McCahan v Brennan*, 291 Mich App 430, 432; 804 NW2d 906 (2011) (*McCahan I*). Approximately five months after the accident, the plaintiff sent the university a letter informing it of her intent to file a lawsuit arising out of the accident. *Id.* More than 10 months after the accident, plaintiff filed a notice of intent to file a claim against the university in the Court of Claims, which was signed by both plaintiff and her counsel. *Id.* The trial court

granted the university's motion for summary disposition on the basis of plaintiff's failure to comply with MCL 600.6431(3) by filing a notice of intent in the Court of Claims within six months of the accident. *Id.* On appeal, this Court affirmed, and rejected plaintiff's assertion that notice was effective because she had "substantially complied" with the statute: "substantial compliance does not satisfy MCL 600.6431(3). Subsection (3) clearly states that a 'claimant *shall* file with the clerk of the court of claims . . . within 6 months following the happening of the event . . . .' " The word 'shall' designates a mandatory provision with which the plaintiff had not complied, as "[t]he facts show[ed] that [she] filed a notice of intention to file a claim with the Court of Claims months past the six-month statutory requirement." *McCahan I*, 291 Mich App at 433-434.

Here, the trial court rejected plaintiffs' argument that *McCahan* was applicable to the notice provision of subsection (1) of MCL 600.6431, concluding that it was distinguishable from the instant case because *McCahan* dealt only with the timeliness requirement of the statute in subsection (3). However, nowhere did the Court indicate in *McCahan* that the two subsections of the statute should be interpreted using different standards. Subsection (1), like subsection (3), uses mandatory language, stating that the notice of intent "*shall* be signed and verified by the claimant before an officer authorized to administer oaths." MCL 600.6431(1) (emphasis added). It would be incongruous to interpret subsection (3) as containing a mandatory requirement that the notice *must* be filed within six months based on the language of the statute, but that the verified signature requirement in subsection (1) only required "substantial compliance." "[W]hen construing a statute, a court must read it as a whole," and "identical language should certainly receive identical construction when found in the same act." *Liberty Hill Housing Corp v Livonia*, 480 Mich 44, 69; 746 NW2d 282 (2008) (citations and internal quotation marks omitted). We agree with plaintiffs that defendant should have been aware of the relevant law regarding full or strict compliance with the statute at the time notice was filed in the underlying case.

We also note that, contrary to the court's assertion, *Fairley* did not change the law regarding compliance with MCL 600.6431(1). In *Fairley*, the plaintiff was injured in an automobile accident caused by an employee of the defendant government agency. *Fairley*, 497 Mich at 293. Although notice of intent to file a claim was timely filed, the plaintiff did not sign the notice; rather, her attorney signed it. *Id.* at 294. The defendant filed a motion for summary disposition, asserting that the notice was defective for failing to meet the standards set forth in MCL 600.6431(1). *Id.* The Court of Claims denied the motion on the basis that a defendant waives an issue of noncompliance with MCL 600.6431 if it is not pleaded as an affirmative defense. *Fairley*, 497 Mich at 294-295. Our Supreme Court reversed, stating that "[i]t is well established that governmental immunity is not an affirmative defense, but is instead a characteristic of government." *Fairley*, 497 Mich at 298. A party who seeks to sue the government bears the responsibility of demonstrating "that its case falls within one of the exceptions [to governmental immunity]." *Id.* (internal quotation marks and citation omitted). The Court noted that in MCL 600.6431(1), "the Legislature has qualified a claimant's ability to bring a claim against the state by requiring that the 'claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.' " *Id.* The Court further stated that

> [i]f a notice . . . fails to *show* that it was signed and verified before an officer authorized to administer oaths, how would a governmental entity be assured that the notice, which seeks to impose liability, was actually verified? It is for this very reason that MCL 600.6431 requires more than the mere *act* of verification and instead requires some *proof* of that verification[.] [*Id.* at 299.]

The Court did not indicate in *Fairley* that it was announcing a new rule regarding interpretation of the statute. Rather, the Court affirmed that in MCL 600.6431, the Legislature provided potential claimants with an exception to the rule of governmental immunity provided that they comply with the requirements of the statute. The signature requirement of the statute is no different than the timeliness provision; all parts of the statute must be complied with in order for notice to be effective.

Similarly, the decision by a panel of this Court in the underlying case, stating that notice was not effective pursuant to *Fairley*, does not indicate that substantial compliance was the law before *Fairley*. See *Fred St. Onge and Karen Ross*, unpub op at 2. When the underlying case was before this Court, the Court stated that "neither St. Onge nor Ross signed the notice of intent. Instead, counsel signed and filed the notice. We conclude that *Fairley* mandates reversal in this case." *Id.* Defendant argues that this conclusion shows that substantial compliance was required prior to *Fairley*. The Court's opinion does not support this conclusion. Rather, *Fairley* is properly cited as authority for the Court's conclusion that notice was deficient, without commentary regarding whether notice would have been effective prior to the Supreme Court's decision in *Fairley*. In this case the notice, as filed, did not comply with the statutory requirements of MCL 600.6431(1) and the trial court erred in finding that at the time Clark filed the notice, the law only required substantial compliance with that provision.

## II. SUMMARY DISPOSITION

Plaintiffs argue that the court erred by denying their motion for summary disposition pursuant to MCR 2.116(I)(2). According to plaintiffs, they were entitled to partial summary disposition regarding the negligence issue of their legal malpractice claim because Clark's conduct was clearly negligent. The elements of legal malpractice are: (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged. *Bowden v Gannaway*, 310 Mich App 499, 503; 871 NW2d 893 (2015). In this case, the question before the court was whether Clark's failure to comply with the signature requirement in the notice provision of MCL 600.6431(1) constituted negligence amounting to legal malpractice.

Our Supreme Court noted, in *Coleman v Gurwin*, 443 Mich 59, 63 n5; 503 NW2d 435 (1993) that:

> The standard of care for an attorney was established in *Eggleston v Boardman*, 37 Mich 14, 16 (1877):

> "Whenever an attorney or solicitor is retained in a cause, it becomes his implied duty to use and exercise reasonable skill, care, discretion and judgment in the conduct and management thereof."

-4-

It has thus been long and well-recognized that "an attorney is obligated to use reasonable skill, care, discretion and judgment in representing a client." *Simko v Blake*, 448 Mich 648, 656; 532 NW2d 842 (1995) (citations omitted). Further, "all attorneys have a duty to behave as would an attorney of ordinary learning, judgment or skill . . . under the same or similar circumstances . . . ." *Id.*

Under circumstances similar to those in the instant case, "an attorney of ordinary learning, judgment or skill" would have fully complied with the statutory notice requirements in MCL 600.6431(1). Defendant thus breached the applicable standard of care by failing to comply with the statute. The trial court thus properly denied defendant's summary disposition motion, but erred in denying plaintiffs' motion for partial summary disposition. The first two elements of a legal malpractice claim having been established (attorney-client relationship, negligence), the only remaining issues for resolution in the trial court are whether defendant's negligence was a proximate cause of an injury and the fact and extent of the injury alleged. *Bowden*, 310 Mich App at 503.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michael J. Riordan