*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH TAYLOR, Conservator of the Estate of
ALAYNA PERKINS, Minor,

UNPUBLISHED
August 18, 2022

Plaintiff-Appellee,

v

No. 356354
Court of Claims
LC No. 20-000178-MH

UNIVERSITY OF MICHIGAN BOARD OF
REGENTS and C.S. MOTT CHILDREN'S
HOSPITAL,

Defendants-Appellants.

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

In this medical malpractice action, defendants appeal by leave granted[1] an opinion and order denying their motion for summary disposition which argued that plaintiff's action was barred for failure to provide statutory notice of the claim under MCL 600.6431(3)[2] of the Court of Claims Act, as required for actions against state entities. We reverse and remand for entry of an order granting defendants' motion and dismissing plaintiff's case.

## I. BACKGROUND

This action arises out of permanent and severe injuries allegedly sustained by the minor, Alayna Perkins, as a consequence of suffering from hypoglycemia during and/or after a cardiac catherization procedure that was performed on December 2, 2016. Plaintiff is Alayna's mother.

---

[1] *Taylor v Univ of Mich Bd of Regents*, unpublished order of the Court of Appeals, entered June 7, 2021 (Docket No. 356354).

[2] We refer to the version of MCL 600.6431 that was in effect in 2016 when plaintiff's claim accrued; however, the later version of the statute also has a six-month notice provision—renumbered as paragraph 4—which is at issue in this case.

On June 24, 2019, plaintiff mailed a notice of intent to defendants, as required under MCL 600.2912b. On November 4, 2019, plaintiff filed an "amended" notice of intention to file a claim against defendants with the Court of Claims. On August 31, 2020, plaintiff's complaint was filed in the Court of Claims.

In response to plaintiff's complaint, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that the case was barred because both defendants are state entities and plaintiff did not file with the Court of Claims a notice of intent to file a claim within six months after December 2, 2016, as required under MCL 600.6431. See, also, *McCahan v Brennan*, 492 Mich 730, 743-744; 822 NW2d 747 (2012), citing *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007).

Plaintiff responded to defendants' motion, arguing that her claim was timely filed under MCL 600.5851. According to plaintiff, MCL 600.5851 is a minority/insanity tolling statute that allows minors like Alayna—who cannot protect their rights without assistance because of a disability existing at the time their claims accrued—to file suit up to one year after their "disability is removed." Because Alayna is still a minor, her disability has not been removed and this case was timely filed. In support of her argument, plaintiff directed the trial court to the dissenting opinion filed in *Super v Dep't of Transp*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2009 (Docket No. 282636). In that case, the plaintiff also failed to file a notice of intention to file a claim within six months as required under MCL 600.6431(3), and argued that the action was not barred because the minor tolling provision, MCL 600.5851(1), applied to the notice provision of MCL 600.6431(3). *Id.*, slip op at 1. Although this argument was rejected by the majority of this Court, *id.*, slip op at 3, the dissenting opinion would have concluded that the minor tolling provision—which is intended to protect legal rights during a period of disability— applies to, and tolls, the notice provision of MCL 600.6431(3), *id.*, slip dissenting op at 2-3. Here, plaintiff requested the trial court to adopt the reasoning of the dissenting opinion, conclude that plaintiff's action was timely filed, and deny defendants' motion for summary disposition.

Defendants replied to plaintiff's brief, arguing that plaintiff acknowledged that this issue has already been decided by the appellate courts: MCL 600.5851 does not apply to toll the six-month notice provision of MCL 600.6431(3). As our Supreme Court has held, defendants argued, "the Legislature has the authority to qualify the ability to bring a claim against the state on strict compliance with certain requirements. If the plaintiff fails to meet those requirements, their claim is barred."

On January 5, 2021, the Court of Claims entered an opinion and order denying defendants' motion for summary disposition, holding that MCL 600.5851 applied and tolled the six-month notice requirement of MCL 600.6431. The court concluded that the holding of *Mays v Governor*, 323 Mich App 1, 38-39, 42-44; 916 NW2d 227 (2018), was "controlling on the issue." In particular, the court noted, *Mays* concluded that MCL 600.6452 expressly incorporated Chapter 58 of the Revised Judicature Act, including its tolling provisions, into the Court of Claims Act which evidenced the Legislature's intent to also incorporate exceptions to both the statutory limitations periods and the notice requirement of MCL 600.6431. In other words, if an exception tolls the statute of limitations, that same exception must also operate to toll the statutory notice period otherwise the tolling is meaningless because the claim is barred. Thus, in this case, § 5851 applied and tolled not only the statute of limitations, but also the notice period set forth in § 6431.

Defendants filed a motion for reconsideration, arguing that the Court of Claims improperly engaged in statutory construction when none is allowed because the Legislature's intent was clear from the statute's plain language. That means, in this case, the notice had to be filed with the Court of Claims within six months of the alleged malpractice under § 6431, but the minor had until her tenth birthday to file a complaint under § 5851. Further, the court's construction rendered MCL 600.6431 meaningless because the complaint could actually be filed on the same day as the notice which ignores the purpose of this notice provision—to advise the state of potential liability and give it the opportunity to properly investigate and evaluate such a claim. And, defendants argued, the reasoning in *Mays*, 323 Mich App 1, did not apply because in that case the fraudulent-concealment exception to the statute of limitations under § 5855 could not be reconciled with the notice provision of § 6431—which, as discussed above, is not true in this case. Therefore, defendants requested that the court reverse its prior decision and grant their motion for summary disposition, dismissing this case.

On January 29, 2021, the Court of Claims entered an order denying defendants' motion for reconsideration. Thereafter, defendants filed an application seeking leave to appeal with this Court, which was granted as stated above.

Defendants argue that the trial court erred in holding MCL 600.5851 applied and tolled the six-month notice requirement of MCL 600.6431, and thus, plaintiff's action was not barred for failure to provide the requisite statutory notice in this action against state entities. We agree.

## II. STANDARDS OF REVIEW

This Court reviews de novo a lower court's decision on a motion for summary disposition. *Fairley v Dep't of Corrections*, 497 Mich 290, 296; 871 NW2d 129 (2015). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim and should be granted if the opposing party has failed to state a claim on which relief can be granted. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 131; 839 NW2d 223 (2013). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists to warrant a trial. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

We also review de novo questions of statutory interpretation and the proper application of a statute. *Coblentz v City of Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). As our Supreme Court explained in *Fairley*, 497 Mich at 296-297:

> The primary goal when interpreting a statute is to discern the intent of the Legislature by focusing on the most 'reliable evidence' of that intent, the language of the statute itself. When legislative intent is clear from the language, no further construction is required or permitted.

## III. ANALYSIS

It is undisputed that defendants, University of Michigan Board of Regents and C.S. Mott Children's Hospital, are entities of the State of Michigan. And it is well established that the state and its entities cannot be sued without legislative consent. *Progress Mich v Attorney General*, 506 Mich 74, 87; 954 NW2d 475 (2020); *Elia Companies, LLC v Univ of Mich Regents*, 335 Mich App 439, 447; 966 NW2d 755 (2021). Under the government tort liability act (GTLA), MCL 691.1401 *et seq.*, state entities are granted broad immunity from tort liability. *Fairley*, 497 Mich at 297. However, MCL 691.1407(4) of the GTLA states: "This act does not grant immunity to a governmental agency or an employee or agent of a governmental agency with respect to providing medical care or treatment to a patient," unless certain circumstances exist that are not relevant here. Thus, the Legislature has abrogated sovereign immunity for such claims sounding in medical malpractice. But in doing so, the Legislature placed conditions and limitations on the liability imposed—which it was entitled to do. See *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012).

In that regard, the GTLA incorporated the Court of Claims Act (COCA), MCL 600.6401 *et seq.* Specifically, MCL 691.1410 of the GTLA states:

(1) Claims against the state authorized under this act shall be brought in the manner provided in sections 6401 to 6475 of the revised judicature act [RJA] of 1961, Act No. 236 of the Public Acts of 1961, being sections 600.6401 to 600.6475 of the Michigan Complied Laws, and against any political subdivision or municipal corporation by civil action in any court having jurisdiction.

(2) Except as otherwise provided in this act, any claim that is authorized under this act shall be subject to the revised judicature act of 1961, Act No. 236 of the Public Acts of 1961, being sections 600.101 to 600.9947 of the Michigan Compiled Laws.

Thus, a claim brought against a state entity "shall be *brought* in the manner provided in sections 6401 to 6475" of the RJA, including MCL 600.6431—the notice provision of the COCA at issue here. See MCL 691.1410(1) (emphasis added). Specifically, at the time plaintiff's action accrued in 2016, MCL 600.6431 provided:

(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

* * *

(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself

within 6 months following the happening of the event giving rise to the cause of action.

This notice provision sets forth a condition precedent to filing a claim against such state entities like defendants in this case.

In *McCahan*, 492 Mich 730, our Supreme Court specifically addressed this notice provision, MCL 600.6431. The Court held that "when the Legislature conditions the ability to pursue a claim against the state on a plaintiff's having filed specific statutory notice" . . . "such statutory notice requirements must be interpreted and enforced as plainly written and [ ] no judicially created saving construction is permitted to avoid a clear statutory mandate." *Id*. at 732-733. Thus, when notice is filed outside the statutorily required notice period, the statute precludes the plaintiff from maintaining the claim against the state entity. *Id*. at 747, 752.

Further, the *McCahan* Court concluded that it did not matter that the defendant had actual knowledge of the potential claim despite the fact that the statutory notice was not timely filed, i.e., the defendant was not prejudiced by the failure to file notice in the Court of Claims. *Id*. at 743. Referring to its previous holding in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 210-212; 731 NW2d 41 (2007), the *McCahan* Court noted that "notice provisions are enacted by the Legislature in order to provide the state with the opportunity to investigate and evaluate claims, to reduce the uncertainty of the extent of future demands, or even to force the claimant to an early choice regarding how to proceed." *Id*. at 744. And "when the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiff's meeting certain requirements that the plaintiff fails to meet, no saving construction—such as requiring a defendant to prove actual prejudice—is allowed." *Id*. at 746. Accordingly, because the plaintiff in *McCahan* failed to file the requisite notice with the Court of Claims, the claim was barred. *Id*. at 745.

Moreover, the fact that a plaintiff's cause of action might not otherwise be barred by the statute of limitations applicable to the action does not mandate a different result. Appellate courts have consistently held that the failure to satisfy the notice requirements of MCL 600.6431 requires dismissal of the action.[3] The prevailing reasoning is that the notice provision of MCL 600.6431 is a condition precedent that must be satisfied to sue the state. And it does not conflict with or nullify statutes of limitations, tolling provisions, or savings provisions—including those applicable to medical malpractice actions; there can be proper compliance with these procedural

---

[3] See, e.g., *Fairley*, 497 Mich at 297; *Tyrrell v Univ of Mich*, 335 Mich App 254, 265; 966 NW2d 219 (2020); *Rusha v Dept of Corrections*, 307 Mich App 300, 310-313; 859 NW2d 735 (2014); *McCahan v Brennan*, 291 Mich App 430, 432-433; 804 NW2d 906 (2011), aff'd *McCahan*, 492 Mich at 752; *Rayfield v State of Mich*, unpublished opinion of the Court of Appeals, issued July 24, 2018 (Docket No. 340886); *Ramsey v Univ of Mich Bd of Regents*, unpublished opinion of the Court of Appeals, issued April 17, 2012 (Docket No. 303794); *Super v Dep't of Transportation*, unpublished opinion of the Court of Appeals, issued July 14, 2009 (Docket No. 282636). Although not binding authority, unpublished opinions may be considered persuasive or instructive. *Kern v Kern-Koskela*, 320 Mich App 212, 241; 905 NW2d 453 (2017).

requirements.  See *Rusha v Dept of Corrections*, 307 Mich App 300, 310-313; 859 NW2d 735 (2014).

And contrary to the conclusion of the Court of Claims, the reasoning of *Mays*, 323 Mich App 1, is not controlling on the issue and does not support a conclusion that MCL 600.5851 applied and tolled the six-month notice requirement of MCL 600.6431.  In brief, the *Mays* case arose from the "Flint water crisis," whereby the plaintiffs claimed to have suffered personal injury and property damage "as a result of [the] defendants' allegedly knowing and deliberate decision to supply plaintiffs with contaminated and unsafe drinking water."  *Id*. at 28.  Although the statutory notice provision, MCL 600.6431, presumably applied to that class action, there were questions of fact[4] as to when each of the plaintiffs' claims accrued, *id*. at 29-30, and these questions of fact allegedly existed because of the "defendants' affirmative acts of concealment and frustration of plaintiffs' discovery of the alleged causes of action," *id*. at 37.  In other words, the plaintiffs *could not* comply with the six-month notice requirement because they could not even determine when their claims accrued.  Thus, questions of fact precluded summary disposition on the ground that the case was barred by the statutory notice provision.  *Id*. at 30.  Further, the *Mays* Court held that the application of the harsh-and-unreasonable-consequences exception to the strict enforcement of limitations periods and notice requirements was supported in that case; although the Legislature retains authority to impose reasonable procedural requirements on the pursuit of constitutional claims by plaintiffs, the plaintiffs' rights may not be unduly burdened.  *Id*. at 31-32.  The *Mays* Court noted: "It would be unreasonable to divest plaintiffs of the opportunity to vindicate their substantive, constitutional rights simply because defendants successfully manipulated the public long enough to outlast the statutory notice period."  *Id*. at 37.  In the alternative, the *Mays* Court held, "the fraudulent-concealment exception [MCL 600.5855] may provide an alternative basis for affirming the denial of defendants' motions for summary disposition."  *Id*. at 38.  The court noted that the purpose of the notice provision is to "eliminate ambiguity about whether a claim will be filed" . . . which "gives the state and its agencies time to create reserves and reduces the uncertainty of the extent of future demands."  *Id*. at 44 (quotation marks and citation omitted).  "But when the state and its officers, having knowledge of an event giving rise to liability and anticipating the possibility that claims may be filed, actively conceal information in order to prevent a suit, the state suffers no ambiguity or surprise."  *Id*. (quotation marks omitted).  Thus, the court concluded, in such a situation "the fraudulent-concealment exception applies at least to toll the statutory notice period commensurate with the tolling of the statute of limitations in situations in which its requirements have been met."  *Id*.

In this case, first, there is no genuine issue of material fact as to when plaintiff's claim accrued; it accrued on December 2, 2016.  Thus, unlike the plaintiffs in *Mays*, plaintiff *could have* complied with the statutory notice provision, MCL 600.6431.  Second, this is a medical

---

[4] Quoting the Court of Claims decision, the *Mays* Court noted that it was "not a case in which an ostensible, single event or accident has given rise to a cause of action, but one in which the event giving rise to the cause of action was not readily apparent at the time of its happening" and further, that the claimed injuries "likely became manifest so gradually as to have been well established before becoming apparent to plaintiffs because the evidence of injury was concealed in the water supply infrastructure buried beneath Flint and in the bloodstreams of those drinking the water supplied via that infrastructure."  *Id*. at 35-36 (quotation marks and citation omitted).

malpractice claim, i.e., a legislatively granted claim; it is not based on constitutional rights. Third, and perhaps most significantly, this case does not involve fraudulent concealment of information, through affirmative actions of defendants, in an effort to prevent plaintiff from discovering and filing a claim against them. That is, unlike in *Mays*, the fraudulent-concealment exception, MCL 600.5855, is not applicable in this case. Moreover, as noted by defendants, a majority of our Supreme Court only affirmed on one issue decided by this Court in *Mays*—agreeing that the plaintiffs stated a viable inverse condemnation claim. *Mays v Governor*, 506 Mich 157, 172 n 5, 179; 954 NW2d 139 (2020). However, with regard to whether a genuine issue of material fact existed as to the plaintiffs' satisfaction of the statutory notice requirements of MCL 600.6431, this Court's decision was "affirmed by equal division"—meaning three of the six presiding Justices agreed (Justice Clement did not participate in the decision). *Id*. at 180; see, also, MCR 7.315(A). The equally divided Supreme Court held that because discovery was necessary to determine when the plaintiffs' specific claims accrued, it was "unnecessary to address whether any exceptions to the MCL 600.6431(3) notice requirement apply." *Id*. at 186. In a footnote the Supreme Court noted the plaintiffs' arguments that the harsh-and-unreasonable-consequence doctrine and the fraudulent-concealment doctrine also supported their claims that the statutory notice requirement was met, but the Court saw no need to consider the applicability of these doctrines because questions of fact remained as to when the plaintiffs' claims accrued. *Id*. at 186 n 11. In any case, as discussed above, this Court's holding in *Mays* does not logically extend to the circumstances presented in this case.

While we understand and sympathize with plaintiff's predicament, the Legislature specifically qualified the right to bring a case like this on the filing of "a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action." MCL 600.6431(3). That did not occur in this case. The statutory provision is not ambiguous, and thus, judicial interpretation and construction is not permitted. As our Supreme Court has long held, "The duty of the Court is to interpret the statute as we find it. The wisdom of the provision in question in the form in which it was enacted is a matter of legislative responsibility with which courts may not interfere." *City of Lansing v Lansing Twp*, 356 Mich 641, 648; 97 NW2d 804 (1959) (quotation marks and citation omitted).

For all of the reasons discussed, we conclude that the Court of Claims erred in holding that MCL 600.5851 applied and tolled the six-month notice requirement of MCL 600.6431. Plaintiff's action was barred for failure to comply with the statutory notice provision of the COCA, MCL 600.6431. Accordingly, we reverse and remand for entry of an order granting defendants' motion and dismissing plaintiff's case.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly