BLUDDERS v STATE FARM MUTUAL INSURANCE COMPANY

1. AUTOMOBILES—UNINSURED MOTORISTS—MOTOR VEHICLE ACCIDENT CLAIMS FUND—SERVICE OF PROCESS—STATUTES.

   A plaintiff did not sufficiently comply with the statute providing that summons and complaint be served on the Secretary of State in actions arising out of the use or operation of uninsured motor vehicles by sending a copy of the summons and complaint to the Secretary after a default judgment had been entered against the uninsured motorist because the purpose of the provision is to allow the Secretary of State to intervene in the action and this purpose is not accomplished by service after a default judgment (MCLA 257.1105).

2. AUTOMOBILES—UNINSURED MOTORISTS—MOTOR VEHICLE ACCIDENT CLAIMS FUND—NOTICE—DELAY—PREJUDICE.

   A 19-month delay in affording any sort of notice to the Secretary of State regarding a claim against the Motor Vehicle Accident Claims Fund is sufficiently prejudicial to bar a plaintiff's claim against the fund (MCLA 257.1118).

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 November 8, 1973, at Detroit. (Docket No. 16048.) Decided April 29, 1974. Leave to appeal applied for.

Complaint by Archie Bludders and others against State Farm Mutual Insurance Company, Charles Molden, and others for damages resulting from an automobile accident. Plaintiffs settled with State Farm Mutual Insurance Company, obtained a default judgment against defendant Charles Molden, and moved to compel payment of the default judgment by the Secretary of State as

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.

administrator of the Motor Vehicle Accident Claims Fund. Motion denied. Plaintiffs appeal. Affirmed.

*Edward M. Miller,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Secretary of State as administrator of the Motor Vehicle Accident Claims Fund.

Before: LESINSKI, C. J., and FITZGERALD and CARLAND,* JJ.

LESINSKI, C. J. Plaintiff Archie Bludders was injured in a collision with an uninsured motorist. Mr. Bludders sued his insurance company, with whom he had uninsured motorist coverage, and the uninsured motorist. He settled his suit against the insurance company and proceeded to default judgment against the uninsured motorist.

Nineteen months after accrual of the claim and after entry of the default judgment, prompted no doubt by failure to collect from or locate the uninsured motorist, plaintiff sent a copy of the default judgment to the State of Michigan Motor Vehicle Accident Claims Fund. This was the first notice the fund received of plaintiff's suit. At this late date, and only after the fund's request, the plaintiff sent a copy of the summons and complaint in his original suit to the fund.

Plaintiff then moved the trial judge to compel payment of the default judgment from the fund. Judge Charles Farmer of the Wayne County Circuit Court denied the motion on the ground that

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the plaintiff had failed to comply with the following statute:

"The secretary is deemed to be an agent of the owner or operator of every uninsured motor vehicle for service of process in an action in this state arising out of the use or operation in this state of the uninsured motor vehicle. *Where such an action is commenced, summons and complaint shall be served on the secretary* by certified or registered mail or by leaving a copy thereof with or at the office of the secretary who shall forward a copy of the summons and complaint forthwith by certified mail to the defendant at his last address as recorded with the secretary. *In any action to recover damages arising out of the use or operation of an uninsured motor vehicle, failure to serve summons and complaint upon the secretary shall constitute a bar to recovery from the fund.* In all actions where summons and complaint have been served upon the secretary, the secretary shall have the right to intervene in the action as a party defendant." (Emphasis supplied.) MCLA 257.1105; MSA 9.2805.

The plaintiff contends that his action in sending a copy of the summons and complaint after a default judgment had been entered, coupled with an offer to set aside the default, was sufficient compliance with this statute. We do not agree.

Plaintiff argued on appeal that service of a copy of the summons and complaint *at any time* satisfies the statute. The express language of the statute requires a contrary conclusion.

The statute specifies "where such an action is *commenced*" (emphasis supplied), a copy of the summons and complaint shall be served. The common-sense purpose of this provision is to allow the Secretary of State to intervene in the action. Moreover, the Michigan Supreme Court has held that the Secretary has a *duty* to so intervene.

*Lisee v Secretary of State,* 388 Mich 32, 46; 199
NW2d 188, 194 (1972). This legislative purpose of
intervention is clearly not served by service eight
months after a suit has begun, especially in view
of the entry of a default judgment.

The plaintiff's noncompliance with the motor
vehicle claims statute was more pervasive than his
failure to serve a copy of the summons and com-
plaint on the Secretary of State, which alone was
sufficient in the trial court's mind and our view to
bar his claim. Plaintiff also failed to comply with
the notice provision of the statute:

"In all actions in which recovery is to be sought
against the fund, said action must be commenced
within 3 years from the time the cause of action ac-
crues. *Recovery from the fund shall not be allowed in
any event unless notice of intent to claim against the
fund is served upon the secretary,* on a form prescribed
by him, *within 6 months* of the date that the cause of
action shall accrue." (Emphasis supplied.) MCLA
257.1118; MSA 9.2818.

In *Carver v McKernan,* 390 Mich 96, 100; 211
NW2d 24 (1973), the Michigan Supreme Court
declined to hold this notice provision unconstitu-
tional, deciding that:

"[W]e hold that only upon a showing of prejudice by
failure to give such notice, may the claim against the
fund be dismissed."

In the combined cases of *Lisee v Secretary of State*
and *Howell v Lazaruk,* 388 Mich 32; 199 NW2d
188 (1972), the Supreme Court held that "the
purpose of the notice requirement of § 18[MCLA
257.1118] was to afford the Secretary opportunity
to investigate the claim so as to prepare his de-
fense and to determine possible liability of the
fund". *Carver, supra,* p 99. Given this purpose, a

determination of prejudice could be adequately attempted. The Court in *Carver,* however, went on to explain prejudice in the following manner (p 100):

"The failure to give notice may result in prejudice to the fund according to whatever reason justifies the notice requirement."

The Court's offering as to exactly what the legislative purpose was muddles the entire question of defining prejudice:

"[W]e cannot say with certainty what purpose the Legislature had in mind in providing for this notice." *Carver, supra,* p 100.

*Carver* thus requires a showing of prejudice, yet gives no guidance as to what prejudice is since the Court declines to elucidate the purpose of the notice provision. Whatever prejudice means in this context, we find that a 19-month delay in affording any sort of notice to the Secretary is sufficiently prejudicial to bar the plaintiff's claim.

Plaintiff's blatant noncompliance with the two statutory provisions discussed above requires affirmance of the trial court's decision.

Affirmed. No costs, a public question being involved.

All concurred.