MAY v DEPARTMENT OF NATURAL RESOURCES

Docket No. 66713. Submitted June 8, 1983, at Lansing.—Decided
January 4, 1985.

Demar Guyton, a seven-year-old boy, drowned at a swimming
area under the control of the Department of Natural Re-
sources. Approximately 34 months later, an action for wrongful
death was brought in the Court of Claims by Alan A. May,
personal representative of the estate of Demar Guyton, against
the department. The Court of Claims, James T. Kallman, J.,
granted accelerated judgment to the defendant on the basis
that no notice of intent to present a claim had been filed within
the statutory periods prescribed by the Court of Claims act.
Plaintiff appealed. *Held:*

1. In order to obtain an accelerated judgment based on the
lack of statutory notice a defendant government agency must
establish actual prejudice by means of competent, relevant, and
material evidence. The defendant's assertions of fact, unsup-
ported by evidence, were not sufficient to sustain that burden
and should not have been considered by the Court of Claims in
its resolution of the motion for accelerated judgment.

2. A delay in giving the statutory notice, by itself, can never
become sufficiently long to constitute actual prejudice as a
matter of law.

Reversed and remanded.

1. MOTIONS AND ORDERS — ACCELERATED JUDGMENT — COURT CLAIMS
   — NOTICE.

A defendant government agency must show actual prejudice by
competent, relevant and material evidence in order to obtain
an accelerated judgment based upon the plaintiff's failure to
file a claim or notice of intent to file a claim with the Court of
Claims within the time periods specified by statute for the filing
of such notice (MCL 600.6431; MSA 27A.6431).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Summary Judgment § 12 *et seq.*
[2] 4 Am Jur 2d, Appeal and Error §§ 528, 853.
[3] 58 Am Jur 2d, Notice § 22.

2. MOTIONS AND ORDERS — ACCELERATED JUDGMENT — EX PARTE
   ASSERTIONS — COURT OF CLAIMS — COURT OF APPEALS.

   A defendant's ex parte assertions of fact, unsupported by evidence, should not be considered by the Court of Claims in resolving a motion for accelerated judgment nor by the Court of Appeals on appeal from the Court of Claims decision (GCR 1963, 116.3).

3. COURTS — COURT OF CLAIMS — NOTICE — ACTUAL PREJUDICE.

   A delay in filing with the Court of Claims a claim or notice of intent to file a claim against a state agency can never become sufficiently long to constitute actual prejudice to the defendant as a matter of law (MCL 600.6431; MSA 27A.6431).

*Charfoos, Christensen, Gilbert & Archer* (by *Adrienne G. Southgate),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Terrence P. Grady* and *Theodore E. Hughes,* Assistants Attorney General, for defendant.

Before: DANHOF, C.J., and ALLEN and K. N. HANSEN,* JJ.

PER CURIAM. In this wrongful death action, plaintiff appeals as of right from an order of the Court of Claims granting accelerated judgment for defendant pursuant to GCR 1963, 116.1(5). The decision of the Court of Claims was based on plaintiff's failure to comply with the six-month notice requirement of MCL 600.6431(3); MSA 27A.6431(3) and the one-year notice requirement of MCL 600.6431(1); MSA 27A.6431(1). It is not disputed that no notice was given for more than 34 months after the fatal accident.

In *Hanger v State Highway Dep't,* 64 Mich App 572, 582-583; 236 NW2d 148 (1975), *lv den* 399 Mich 812 (1977), the Court held that the notice provisions at issue here were constitutional if

---

* Circuit judge, sitting on the Court of Appeals by assignment.

construed to require the government agency involved to show actual prejudice resulting from the lack of compliance with the notice requirements of the statute. See also *Carver v McKernan,* 390 Mich 96, 100; 211 NW2d 24 (1973) (construing the analogous notice provision of MCL 257.1118; MSA 9.2818). Thus, in order to obtain accelerated judgment based on lack of the statutory notice, a government agency must sustain its burden of establishing actual prejudice by competent, relevant, and material evidence. In the Court of Claims, defendant produced no affidavits or other evidence to show actual prejudice.

At oral argument before the Court of Claims, counsel for defendant represented to the court that the physical characteristics of the scene of the accident had changed with the passage of time, that a possible witness had left the state, and that the memories of other witnesses had become stale. Such ex parte assertions of fact, unsupported by evidence, should not have been considered by the Court of Claims in resolving a motion for accelerated judgment, see GCR 1963, 116.3, and cannot be considered by this Court on appeal, see *Dora v Lesinski,* 351 Mich 579; 88 NW2d 592 (1958).

Defendant relies on *Bludders v State Farm Mutual Ins Co,* 52 Mich App 714; 218 NW2d 107 (1974), a case involving the analogous notice provision of MCL 257.1118; MSA 9.2818, in which the Court held that a 19-month delay in giving notice was sufficient to demonstrate prejudice. However, *Bludders* was modified by the Supreme Court, 392 Mich 804; 222 NW2d 303 (1974), in an order containing the following statement:

"The Court, however, specifically disapproves of language in the Court of Appeals' opinion which would imply that a delay in notice to the Secretary of State

can become sufficiently long to constitute prejudice as a matter of law under *Carver v McKernan,* 390 Mich 96 (1973)."

The foregoing convinces us that a delay in giving the notice as required by MCL 600.6431; MSA 27A.6431 can never become sufficiently long to constitute actual prejudice as a matter of law. Because defendant produced no evidence tending to show that it was actually prejudiced, the Court of Claims erred by granting defendant's motion for accelerated judgment.

Our opinion should not be understood as precluding defendant from renewing its motion for accelerated judgment on remand. Accelerated judgment for failure to comply with the notice provision must not, however, be granted unless competent, relevant, and material evidence sustains the existence of actual prejudice.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.