KLINE v DEPARTMENT OF TRANSPORTATION

Docket No. 295652. Submitted February 9, 2011, at Lansing. Decided March 1, 2011, at 9:00 a.m.

Hubert E. Kline brought an action in the Court of Claims against the Michigan Department of Transportation (MDOT) after his vehicle and an MDOT vehicle collided, causing him serious injuries. Although Kline sent a detailed notice of his claim to MDOT two months after the accident, he did not file a notice in the Court of Claims until eight months after the accident. MDOT moved for summary disposition under MCR 2.116(C)(4) and (7) on the ground that Kline had not complied with MCL 600.6431, which requires a person seeking to maintain a claim against a state department to file a notice of intention in the Court of Claims within six months of the event that gave rise to the cause of action. The court, Paula J. M. Manderfield, J., denied the motion after concluding that MDOT had received timely notice of Kline's intent to file a claim and that *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007), which held that actual notice and a lack of prejudice do not excuse noncompliance with the notice requirements of MCL 691.1404 (pertaining to governmental immunity cases), was not applicable to MCL 600.6431. MDOT appealed.

The Court of Appeals *held*:

MDOT was entitled to summary disposition under *McCahan v Brennan*, 291 Mich App 430 (2011), which held that substantial compliance does not satisfy the notice requirements of MCL 600.6431. A conflict must be declared under MCR 7.215(J)(2) because, had MCR 7.215(J)(1) not required the panel to follow *McCahan*, it would have held that the *Rowland* rationale did not apply to MCL 600.6431 and would have affirmed on the grounds that MDOT had timely notice and was not prejudiced.

Reversed and remanded.

Judge HOEKSTRA, concurring in part and dissenting in part, agreed with the decision to reverse but would not have invoked the conflict resolution procedure because he would have held that *McCahan* was correctly decided.

*Richard J. Stolcenberg* for plaintiff.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Philip L. Bladen*, Assistant Attorney General, for defendant.

Before: Hᴏᴇᴋsᴛʀᴀ, P.J., and Fɪᴛᴢɢᴇʀᴀʟᴅ and Bᴇᴄᴋᴇʀɪɴɢ, JJ.

Fɪᴛᴢɢᴇʀᴀʟᴅ, J. Defendant, the Michigan Department of Transportation (MDOT), appeals as of right the order denying its motion for summary disposition based on governmental immunity. We reverse because MCR 7.215(J)(1) requires us to follow the holding in *McCahan v Brennan*, 291 Mich App 430; 804 NW2d 906 (2011). Pursuant to MCR 7.215(J)(2), we declare a conflict with *McCahan* and state that if we were not obligated to follow *McCahan*, we would affirm.

On August 9, 2007, plaintiff, Hubert Kline, was involved in an automobile accident in which his vehicle and an MDOT vehicle collided. Plaintiff was seriously injured, and he filed a complaint against MDOT pursuant to MCL 257.401 of the Michigan Vehicle Code and MCL 691.1405, a provision of the governmental tort liability act (GTLA). On October 5, 2007, plaintiff sent a "Statutory Notice of Claim" by certified mail to MDOT. The notice provided details regarding the date, time, and location of the accident. It stated the name of the MDOT employee who was involved and provided the MDOT vehicle's identification number. The notice explained how the accident happened and described the injuries plaintiff sustained. On April 15, 2008, a "Notice of Intention to File Claim" was filed in the Court of Claims, and on June 17, 2008, an "Amended Notice of Intention to File Claim" was filed in that court. The

amended notice provided all the information contained in the original notice sent directly to MDOT. This amended notice was signed and verified in compliance with MCL 600.6431(1). On July 28, 2009, MDOT moved for summary disposition pursuant to MCR 2.116(C)(4) and (7) on the ground that plaintiff had not complied with the statutory notice provisions as required by MCL 600.6431 of the Court of Claims Act. The Court of Claims denied defendant's motion. MDOT appeals and argues that MCL 600.6431 must be enforced as written.

We review de novo motions for summary disposition brought pursuant to MCR 2.116(C)(4) and (7). *Grimes v Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006); *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008). Questions of statutory interpretation are also reviewed de novo. *Grimes*, 475 Mich at 76.

Governmental agencies are typically immune from tort liability when the agency is engaged in a governmental function. MCL 691.1407(1). However, plaintiff's case falls into the motor vehicle exception to governmental immunity. MCL 691.1405. Because plaintiff brought a claim for personal injury pursuant to the motor vehicle exception, he was required to comply with the notice provisions set forth in MCL 600.6431. MDOT argues that plaintiff did not comply as required with the notice provisions of MCL 600.6431 and that as a result of this noncompliance MDOT is entitled to summary disposition.

MCL 600.6431 states in relevant part:

   (1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions,

boards, institutions, arms or agencies, stating the time
when and the place where such claim arose and in detail
the nature of the same and of the items of damage alleged
or claimed to have been sustained, which claim or notice
shall be signed and verified by the claimant before an
officer authorized to administer oaths.

\* \* \*

(3) In all actions for property damage or personal
injuries, claimant shall file with the clerk of the court of
claims a notice of intention to file a claim or the claim itself
within 6 months following the happening of the event
giving rise to the cause of action.

It is undisputed that plaintiff did not file the requi-
site notice in the Court of Claims within six months of
the happening of the event that gave rise to the cause of
action. Plaintiff argues that his October 5, 2007, notice
to MDOT was sufficient to satisfy the statute's require-
ments and, therefore, defendant was not prejudiced by
the failure to timely file a notice in the Court of Claims.

In *Rowland v Washtenaw Co Rd Comm*, 477 Mich
197, 219; 731 NW2d 41 (2007), the Michigan Supreme
Court, in a case involving the notice provisions appli-
cable to the highway exception to governmental immu-
nity, MCL 600.1404, held that the notice provision of
that statute contains no prejudice requirement and that
the judiciary cannot read such a requirement into the
statute. *Id*. at 219. In *McCahan*, this Court concluded in
a 2-1 decision that the *Rowland* rationale is not limited
to the notice provisions of MCL 691.1404. The majority
stated:

We recognize that *Rowland* dealt with a different notice
requirement than does this case. There does not appear to
be any published decision of either this Court or the
Supreme Court that definitively determines whether the
*Rowland* rationale should also be applied to the notice

requirements of MCL 600.6431. Indeed, two justices of the Supreme Court disagreed on this point in separate statements to an order denying leave to appeal in *Beasley v Michigan*, 483 Mich 1025 (2009). Then Chief Justice KELLY, in her concurring statement, rejected the defendant's argument that *Rowland* should be applied to the notice provision of MCL 600.6431(3), concluding that *Rowland* was distinguishable because it dealt with a different statutory provision. *Id.* at 1025 (KELLY, C.J., concurring). Justice CORRIGAN, on the other hand, in her dissenting statement to the order denying leave to appeal, opined that *Rowland* does apply to the notice provisions of MCL 600.6431. In particular, she noted that *Rowland* "rejected earlier caselaw that had assumed notice provisions are unconstitutional if they do not contain a prejudice requirement," as well as the fact that the notice requirement in *Rowland* "is substantively identical" to the notice provisions of MCL 600.6431. *Id.* at 1028 (CORRIGAN, J., dissenting). Justice CORRIGAN also noted that the statute clearly provides that no claim may be maintained unless the notice is filed with the Court of Claims, which did not happen. *Id.*

We conclude that Justice CORRIGAN's view represents the better interpretation of the issue. While *Rowland* did directly deal with a claim arising under the defective-highway exception to governmental immunity, we, like Justice CORRIGAN, are not persuaded that the *Rowland* rationale is somehow limited to MCL 691.1404. Indeed, one of the cases that *Rowland* reviewed and rejected, *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973), overruled by *Rowland*, 477 Mich 197, dealt with a six-month notice requirement under the Motor Vehicle Accident Claims Act, MCL 257.1118. In rejecting *Carver* and other cases, *Rowland* stated that "[i]n reading an 'actual prejudice' requirement into the statute, this Court not only usurped the Legislature's power but simultaneously made legislative amendment to make what the Legislature wanted—a notice provision with no prejudice requirement—impossible." *Rowland*, 477 Mich at 213. Ultimately, *Rowland*, 477 Mich at 219, concluded that "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect. Ac-

cordingly, we conclude that it must be enforced as written."
The same can be said of MCL 600.6431(3). [*McCahan*, 291
Mich App at 434-436.]

We conclude that *McCahan* was wrongly decided and
that *Rowland* does not dictate the outcome in this case
because it involved a different statutory provision. But
for the mandate in MCL 7.215(J)(1), we would not
follow *McCahan*. Rather, we would affirm the trial
court's order denying summary disposition for the
reasons stated in the dissenting opinion in *McCahan*,
291 Mich App at 436-438 (FITZGERALD, J., dissenting):

The majority concludes, on the basis of *Rowland v
Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41
(2007), that plaintiff's failure to comply with the plain
language of the notice requirement of MCL 600.6431(3)
mandated summary disposition in favor of [defendant].
Because the case before us construes a statute other than
MCL 691.1404, I respectfully dissent for the reasons stated
by Chief Judge MURPHY in his dissenting opinion in *Prop &
Cas Ins Co of the Hartford v Dep't of Transp*, unpublished
opinion per curiam of the Court of Appeals, issued April 22,
2010 (Docket No. 285749), which I quote in relevant part
and whose reasoning I adopt:

"Because *Rowland v Washtenaw Co Rd Comm*, 477
Mich 197; 731 NW2d 41 (2007), did not construe the
language in MCL 600.6431(3), and because our Supreme
Court has evidently decided not to extend the holding in
*Rowland* to MCL 600.6431(3), I am not prepared to dis-
avow *May v Dep't of Natural Resources*, 140 Mich App 730;
365 NW2d 192 (1985). In *May*, this Court held that a
plaintiff's claims are not barred by failure to comply with
MCL 600.6431(3) unless the defendant established that it
was prejudiced by the noncompliance. *May* has not been
reversed or explicitly overruled.

"*Rowland* interpreted MCL 691.1404(1), which differs
from the statute at issue here, MCL 600.6431(3). MCL
691.1404(1) provides that compliance with the notice pro-
vision is 'a condition to any recovery for injuries sustained

by reason of any defective highway;' however, MCL 600.6431(3) does not contain comparable 'recovery precondition' language. More importantly, our own Supreme Court does not appear to be prepared to extend the holding in *Rowland* to MCL 600.6431(3). In *Beasley v Michigan*, 483 Mich 1025; 765 NW2d 608 (2009), the Michigan Supreme Court denied an application for leave to appeal relative to an order of this Court that had denied leave to appeal, which in turn pertained to an order by the Court of Claims denying summary disposition to the state. As reflected in a concurring opinion issued by CHIEF JUSTICE KELLY in *Beasley*, the state brought the motion for summary disposition on the basis that the plaintiff, who had been injured in a motor vehicle accident involving a state-owned vehicle, failed to comply with the notice requirement of MCL 600.6431(3). Thus, while I recognize that Supreme Court orders denying leave do not have precedential value, the order does appear to signal a mindset that *Rowland* is inapplicable to MCL 600.6431(3). . . .

"Until the Supreme Court decides to substantively address the impact of *Rowland* on MCL 600.6431(1), which I encourage it to do as soon as possible, I will continue to recognize and respect this Court's decision in *May*. In my opinion, it defies logic to dismiss plaintiffs' claims here, where in *Beasley* the plaintiff is being permitted to proceed in the Court of Claims with the apparent blessing of the Supreme Court."

For these reasons, and because MDOT had timely notice of the claim and demonstrated no prejudice as a result of plaintiff's failure to comply with MCL 600.6431(3),[1] we would affirm the trial court's denial of defendant's motion for summary disposition. However,

---

[1] As noted, the record indicates that plaintiff sent a "Statutory Notice of Claim" by certified mail to MDOT approximately two months after the accident. The notice provided details regarding the date, time, and location of the accident. It stated the name of the MDOT employee who was involved and provided the MDOT vehicle's identification number. The notice explained how the accident happened and the injuries plaintiff sustained.

we begrudgingly follow *McCahan* and hold that the trial court erred by denying defendant's motion for summary disposition.

Reversed and remanded to the Court of Claims for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

BECKERING, J., concurred.

HOEKSTRA, P.J. (*concurring in part and dissenting in part*). I concur with the result reached by the majority to reverse, but respectfully disagree with its conclusion that *McCahan v Brennan*, 291 Mich App 430; 804 NW2d 906 (2011), was wrongly decided. To the contrary, I would hold that *McCahan* was correctly decided. Consequently, I disagree with the majority's invoking of the conflict resolution procedure, MCR 7.215(J)(2).

Both here and in *McCahan*, the defendants' only argument for dismissal was that the plaintiffs in these cases failed to file with the clerk of the Court of Claims within six months of the accident a notice of intention to file a claim, as required by MCL 600.6431(3).[1] In both cases, the plaintiffs sought to excuse their failure to comply with the six-month requirement by arguing that their lack of compliance did not prejudice the defendants. In deciding this issue, the Court in *McCahan* addressed whether the Supreme Court's holding in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007), that enforcement of the notice provi-

---

[1] MCL 600.6431(3) provides:

> In all actions [against the state] for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

sion of MCL 691.1404[2] was not contingent on a showing of prejudice, should apply to MCL 600.6431. It concluded:

> While *Rowland* did directly deal with a claim arising under the defective-highway exception to governmental immunity, we, like Justice CORRIGAN [in her statement in *Beasley v Michigan*, 483 Mich 1025, 1028 (2009)], are not persuaded that the *Rowland* rationale is somehow limited to MCL 691.1404. Indeed, one of the cases that *Rowland* reviewed and rejected, *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973), overruled by *Rowland*, 477 Mich 197, dealt with a six-month notice requirement under the Motor Vehicle Accident Claims Act, MCL 257.1118. In rejecting *Carver* and other cases, *Rowland* stated that "[i]n reading an 'actual prejudice' requirement into the statute, this Court not only usurped the Legislature's power but simultaneously made legislative amendment to make what the Legislature wanted—a notice provision with no prejudice requirement—impossible." *Rowland*, 477 Mich at 213. Ultimately, *Rowland*, 477 Mich at 219, concluded that "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect. Accordingly, we conclude that it must be enforced as written." The same can be said of MCL 600.6431(3). [*McCahan*, 291 Mich App at 435-436.]

I agree with that analysis.

---

[2] MCL 691.1404(1) provides:

As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in [MCL 691.1404(3)] shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.