*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARTHA CAVILL,

        Plaintiff-Appellee,

v

STATE OF MICHIGAN, doing business as
MICHIGAN STATE POLICE,

        Defendant-Appellant,

and

JARED TIMOTHY OWENS,

        Defendant.

UNPUBLISHED
September 15, 2022

No. 357006
Court of Claims
LC No. 19-000208-MZ

Before: MURRAY, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant, State of Michigan, appeals under MCR 7.203(A)(2), MCR 7.202(6)(*v*), and MCL 600.309, the Court of Claims' opinion and order denying in part defendants' motion for summary disposition under MCR 2.116(C)(7) and (C)(10).[1] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Around 3:15 a.m. on July 24, 2019, plaintiff, Martha Cavill, stopped for a red light at the intersection of westbound Goddard Street and Pardee Road in Taylor, Michigan. Trooper Owens, while on duty and driving a patrol car, arrived at the intersection and came to a stop behind plaintiff. His patrol car's dashcam video recorded the incident. The patrol car came to a stop behind plaintiff's vehicle, an SUV displaying a handicap license plate, with three rear brake lights

---

[1] Defendant, Michigan State Police Trooper, Jerad Owens, is not a party to this appeal because the Court of Claims dismissed plaintiff's claim against him.

-1-

clearly illuminated. The red traffic signal lights in the intersection were visible above plaintiff's stopped vehicle. Plaintiff's brake lights went off and only her two rear running lights were illuminated but her vehicle did not move. A moment later, Trooper Owens's patrol car moved forward striking plaintiff's vehicle causing it to move forward a couple feet and shake. Plaintiff reacted by braking. Trooper Owens exited his vehicle and approached plaintiff's driver-side window where he engaged in conversation with plaintiff. A little later another state trooper exited the patrol car's front passenger side and joined Trooper Owens at the rear of plaintiff's vehicle where they inspected it. Plaintiff exited her vehicle and joined the troopers to inspect the rear of her vehicle. The troopers and plaintiff engaged in a discussion, then went back into their respective vehicles. Plaintiff exited her vehicle and walked back to the patrol car driver's side off camera. She then returned to her vehicle and departed after the intersection traffic signal lights turned green. At 4:00 a.m., Trooper Owens notified Michigan State Police Sergeant Jonathan Henry of the incident and he investigated and completed an incident report. Trooper Owens admitted that he began doing something with his cell phone before the accident occurred.

Following the accident, plaintiff experienced back pain as the day progressed so she visited her primary care physician who diagnosed her with acute back pain. She returned to her doctor multiple times and approximately one month after the accident began treating with Dr. Glenn Minster who had previously treated her for a neck condition. On August 21, 2019, plaintiff signed and had notarized a notice of intent pursuant to MCL 600.6431, which she sent to the Court of Claims, Michigan State Police Headquarters, and the Michigan Department of Technology, Management & Budget. In September 2019, plaintiff had an MRI that revealed lumbar spine disc herniation at L 4-5. In October 2019, plaintiff underwent back surgery.

On December 18, 2019, plaintiff sued defendants. In her complaint, among other things, plaintiff alleged that Trooper Owens acted negligently and violated numerous sections of the Michigan Motor Vehicle Code, and that his conduct proximately caused her injuries including a serious impairment of body function and other injuries to her head, neck, shoulders, arms, knees, back, chest, and other parts of her body, all of which interfered with her enjoyment of life. Defendants filed an answer that generally denied liability and stated many of affirmative defenses including defendants were entitled to immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. A year later, the court entered a stipulated order permitting plaintiff to file an amended complaint and allowing defendants to preserve any defenses related to the notice of intent filed on August 21, 2019. Plaintiff's amended complaint featured all of the same allegations as her original complaint but differed by including a signed and notarized verification that stated: "I declare that the statements set forth in this Complaint are true to the best of my information, knowledge and belief." Defendants filed an answer that generally denied any liability and stated numerous affirmative defenses.

Defendants moved for summary disposition under MCR 2.116(C)(7) and (10) seeking dismissal of plaintiff's case for several reasons, including and most relevant to this appeal, that plaintiff failed to verify her August 27, 2019 notice of intent which they argued failed to comply with the requirements under the Court of Claims Act, MCL 600.6401 *et seq*., and more particularly MCL 600.6431. Defendants contended that a notarized signature on the notice of intent did not suffice as a verification because MCL 600.6431(2)(d) required an oath or affirmation of the party or of someone having knowledge of the facts stated. Defendants claimed that a verification had to be in the form described in MCR 1.109(D)(3)(b). The Court of Claims stated that it had previously

rejected the same argument in *Gladson v Mich Dep't of Health & Human Servs*, Opinion and Order of the Court of Claims, issued December 30, 2020 (Docket No. 20-000202-MK). The court rejected defendants' argument and incorporated by reference its previous reasoning stated in its *Gladson* opinion.[2] The Court of Claims, therefore, denied defendants' summary disposition motion in all respects with the exception that it dismissed plaintiff's claim of gross negligence against Trooper Owens.

## II. STANDARDS OF REVIEW

We review de novo a lower court's decision on a motion for summary disposition. *Patterson v CitiFinancial Mtg Corp*, 288 Mich App 526, 528; 794 NW2d 634 (2010). We also review de novo as a question of law the applicability of governmental immunity. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). We review de novo the Court of Claims' denial of defendants' motion to dismiss under MCR 2.116(C)(7). *Kline v Dep't of Transp*, 291 Mich App 651, 653; 809 NW2d 392 (2011). "A motion for summary disposition pursuant to MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Miller v Lord*, 262 Mich App 640, 643; 686 NW2d 800 (2004) (quotation marks and citation omitted). The applicability of governmental immunity and its statutory exceptions are reviewed de novo. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by immunity is a question for the court to decide as a matter of law." *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003) (citation omitted). The meaning of MCL 600.6431 that requires "the notice to be signed and verified by the claimant before an officer authorized to administer oaths—is a question of statutory interpretation, which we likewise review de novo." *Fairley v Dep't of Corrections*, 497 Mich 290, 296; 871 NW2d 129 (2015) (quotation marks and citation omitted). "The primary goal when interpreting a statute is to discern the intent of the Legislature by focusing on the most 'reliable evidence' of that intent, the language of the statute itself. When legislative intent is clear from the language, no further construction is required or permitted." *Id*. at 296-297 (citations omitted).

## III. ANALYSIS

---

[2] In *Gladson*, the Court of Claims adopted the analysis and reasoning set forth in a recent Court of Claims opinion, *Chisholm v Mich State Police*, Opinion and Order of the Court of Claims, issued November 18, 2020 (Docket No. 20-000078-MK) and quoted from *Chisholm* at length. The Court of Claims held in *Gladson* that the plaintiff signed and swore to the contents of her notice in the presence of a notary public, thereby vouching for the truthfulness of the contents of the notice which satisfied MCL 600.6431(2)(d)'s requirements. The defendant in *Gladson* has appealed the Court of Claims' decision to this Court which has ordered that the appeal be held in abeyance pending our Supreme Court's decision in the appeal of *Elia Companies, LLC v Univ of Mich Regents*, 335 Mich App 439; 966 NW2d 755 (2021). *Gladson v Dept of Health and Human Servs*, unpublished order of the Court of Appeals entered January 5, 2022 (Docket No. 356075).

Defendant argues that the Court of Claims erred by ruling that plaintiff's notarized signature satisfied the verification requirements of MCL 600.6431. We disagree.

The state and its subdivisions cannot be sued without legislative consent, and the Legislature may condition or limit the liability imposed. *ADR Consultants, LLC v Mich Land Bank Fast Track Auth*, 327 Mich App 66, 74; 932 NW2d 226 (2019). The GTLA, MCL 691.1401 *et seq*., provides a governmental agency immunity from tort liability if it "is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). Under MCL 691.1405, a governmental agency "shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1410 requires that claims against the state be brought in the manner provided in the Court of Claims Act, MCL 600.6401 to MCL 600.6475 of the revised judicature act. MCL 600.6431 defines the contents and timing of filing the notice or claim and provides in relevant part:

> (1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

> (2) A claim or notice under subsection (1) must contain all of the following:

> (a) A statement of the time when and the place where the claim arose.

> (b) A detailed statement of the nature of the claim and of the items of damage alleged or claimed to have been sustained.

> (c) A designation of any department, commission, board, institution, arm, or agency of the state involved in connection with the claim.

> (d) A signature and verification by the claimant before an officer authorized to administer oaths.

> (3) A claimant shall furnish copies of a claim or notice filed under subsection (1) to the clerk at the time of filing for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms, or agencies of this state designated in the claim or notice.

> (4) For a claim against this state for property damage or personal injuries, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim.

In *Tyrrell v Univ of Mich*, 335 Mich App 254, 269-270; 966 NW2d 219 (2020), this Court explained:

> The COCA, when read as a whole, and the placement of MCL 600.6431 in the statutory scheme suggest that the Legislature intended for MCL 600.6431 to

apply only to claims brought in the Court of Claims. . . . The section immediately following MCL 600.6431 is MCL 600.6434, which establishes the pleading and service requirements for claims filed in the Court of Claims. It follows that the Legislature intended for MCL 600.6431—the section between MCL 600.6428 (addressing certain powers of the Court of Claims) and MCL 600.6434 (addressing requirements applicable to the Court of Claims)—to be a notice requirement that applies to claims filed in the Court of Claims.

In *McMahan v Brennan*, 492 Mich 730, 742; 822 NW2d 747 (2012), our Supreme Court clarified that "the failure to file a compliant claim or notice of intent to file a claim against the state within the relevant time periods designated" triggers the statute's claim prohibition. The failure to provide a verified claim or notice serves as a bar to pursuing a claim in the Court of Claims, irrespective of the defendant's actual notice. *Id*. at 743. The Court explained that "notice provisions are enacted by the Legislature in order to provide the state with the opportunity to investigate and evaluate claims, to reduce the uncertainty of the extent of future demands, or even to force the claimant to an early choice regarding how to proceed." *Id*. at 744.

In *Fairley*, 497 Mich 290, each of the two cases consolidated for appeal involved a plaintiff whose vehicle was struck by a government agency vehicle. In Michelle Fairley's case, a Michigan Department of Corrections (MDOC) vehicle went through a red light and struck the plaintiff. Before filing suit, Fairley's attorney filed a notice of intent to hold the MDOC responsible but the plaintiff had not signed it. After she filed suit, the MDOC moved for summary disposition on the ground that she filed a defective notice of intent under the standards set out in MCL 600.6431(1). The Court of Claims denied the motion because the MDOC had not raised the issue as an affirmative defense and concluded that the issue of noncompliance had been waived. This Court affirmed. *Fairley*, 497 Mich at 293-295. In Lori Stone's case, two Michigan State Police patrol cars struck her stopped car. She signed and filed a notice of intent that stated that she declared that the statements were true to the best of her information, knowledge, and belief. The defendant moved for summary disposition on the ground that Stone failed to comply with MCL 600.6431(1) by not having her notice verified before an officer authorized to administer oaths. The Court of Claims granted the defendant's motion but on appeal this Court concluded that the lower court erred because the statute did not require on the face of the notice evidence of an oath or affirmation and that "a failure to comply with 'purely procedural pre-requisites,' such as those enumerated in MCL 600.6431, was an affirmative defense that must be timely raised or waived." *Id*. at 295-296. Our Supreme Court granted leave in both cases and in its opinion explained:

[W]hile MCL 600.6431 does not "confer governmental immunity," it establishes conditions precedent for avoiding the governmental immunity conferred by the GTLA, which expressly incorporates MCL 600.6431. As a result, plaintiffs must adhere to the conditions precedent in MCL 600.6431(1) to successfully expose the defendant state agencies to liability.

It is well established that governmental immunity is not an affirmative defense, but is instead a characteristic of government. *Mack v Detroit*, 467 Mich 186, 198; 649 NW2d 47 (2002). "[I]t is the responsibility of the party seeking to impose liability on a governmental agency to demonstrate that its case falls within one of the exceptions [to governmental immunity]." *Id*. at 201.

* * *

In MCL 600.6431(1), the Legislature has qualified a claimant's ability to bring a claim against the state by requiring that "the claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths." While the Court of Appeals observed that "[t]he statute does not prescribe the kind of inquiry that must be made nor does any language in the statute require that evidence of the oath or affirmance be on the face of the notice," this Court's decision in *McCahan v Brennan* provided insight into the purpose to be served by the notice provision:

> [T]he Legislature has established a clear procedure that eliminates any ambiguity about whether an attempted notice is effective. A claimant who complies with MCL 600.6431 need not worry about whether a notice was properly received and processed by the correct governmental entity. By the same token, state entities can be secure knowing that only timely, verified claims in notices filed with the Court of Claims can give rise to potential liability. . . . [*McCahan*, 492 Mich 730, 744 n 24; 822 NW2d 747 (2012).]

> If a notice, such as those here, fails to show that it was signed and verified before an officer authorized to administer oaths, how would a governmental entity be assured that the notice, which seeks to impose liability, was actually verified? It is for this very reason that MCL 600.6431 requires more than the mere act of verification and instead requires some proof of that verification—that, as defendant states, "the notice bear an indication that the signature was signed and sworn to before an officer authorized to administer oaths." [*Fairley*, 497 Mich at 297-299, (citations omitted).]

The Court then applied the law to the facts of the two cases. Because Fairley had not signed her notice, it did not suffice to maintain a claim against the MDOC. The Court ruled further that a government agency is not required to plead as an affirmative defense that a notice is defective. The Court also rejected Stone's notice because it failed to clearly state on its face that the document was verified before an officer authorized to administer oaths. Because the plaintiffs' notices of intent were defective, the Court stated that their claims should have been dismissed. Accordingly, the Court reversed the judgments of this Court. *Id*. at 299-300. *Fairley* reveals that plaintiffs must meet the technical requirements of MCL 600.6431 to defeat the protection of governmental immunity to which state agencies are entitled. *Id*. at 301.

In this case, plaintiff signed her notice of intent and a notary public notarized her signature. The notary stated "Subscribed and sworn to before me this 21st day of August, 2019." Defendant argues that plaintiff filed a defective notice of intent because it lacked a proper verification in the form defined under MCR 1.109(D)(3)(b), and that the jurat featured on her notice did not signify that she made an oath or affirmation of the facts stated therein. Plaintiff counters that her signature before a notary public in jurat form satisfied the statutory requirement of verification and that the form described in MCR 1.109(D)(3)(b) does not apply to presuit notices of intent under MCL 600.6431.

The primary issue in this case is whether MCL 600.6431's notice requirement mandates that the verification be made in a specific form, and if so, what form must the notice display to satisfy the statutory verification requirement. The statute itself does not define the term "verification" nor prescribe the form. It merely states that the notice must feature a "signature and verification by the claimant before an officer authorized to administer oaths." MCL 600.6431(2)(d). No other provisions of the Court of Claims Act define the term "verification" or specify the form a verification must have to satisfy the requirement. "Terms that are not defined in a statute must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary for definitions." *Anzaldua v Neogen Corp*, 292 Mich App 626, 632; 808 NW2d 804 (2011) (citation omitted). The term "verification" is defined in relevant part by *Black's Law Dictionary* (11th ed) as "1. A formal declaration made in the presence of an authorized officer, such as a notary public . . . whereby one swears to the truth of the statements in the document. . . . 2. An oath or affirmation that an authorized officer administers to an affiant or deponent. . . . 6. Any act of notarizing."

Defendant asserts that our Supreme Court defined the form that a verification must take in *Progress Mich v Attorney General*, 506 Mich 74; 954 NW2d 475 (2020). In that case, the plaintiff sued after the defendant refused its FOIA request and denied its internal appeal. The defendant promptly moved for summary disposition in part on the ground that the plaintiff did not sign and verify the complaint as required under MCL 600.6431(1), which apparently prompted the plaintiff to file an amended complaint signed by its executive director and sworn to before the Ingham County Clerk. The defendant moved to dismiss the amended complaint as untimely filed outside the FOIA's 180-day limitations period. The Court of Claims denied the defendant's motion respecting the FOIA claim holding that the plaintiff complied with MCL 600.6431 and timely filed its amended complaint under the provisions of that statute. *Progress Mich*, 506 Mich at 81-83. The defendant appealed to this Court which concluded that "the bar-to-claim language of MCL 600.6431 was triggered because it was not signed and verified" rendering the original complaint legally invalid from its inception and a nullity, and because " 'there was nothing pending that could be amended,' " the amended complaint could not cure the verification defect in the original complaint. This Court, therefore, reversed and remanded for the Court of Claims to enter summary disposition in the defendant's favor. *Progress Mich*, 506 Mich at 84-85.

Our Supreme Court granted leave to address among other issues whether the notice and verification requirements of MCL 600.6431 applied to a FOIA appeal and, if so, (1) whether the plaintiff's failure to meet that requirement in its original complaint rendered the complaint invalid from its inception, and (2) whether the verified amended complaint related back to the filing of the original complaint for purposes of compliance with the FOIA claim limitations period. *Progress Mich*, 506 Mich at 85. Regarding the verification issue, the Court explained:

> There is no dispute that the originally filed complaint was not verified as required under MCL 600.6434(2). As for the amended complaint, it appears from the face of the pleading that it was not, in fact, verified. However, defendant stated affirmatively that the amended complaint was properly verified multiple times throughout the course of this litigation. Specifically, defendant asserted the second complaint was verified in his second motion for summary disposition in the Court of Claims, in his brief on appeal in the Court of Appeals, and in his brief on appeal in this Court. Further, when specifically invited at oral argument in this Court to

argue that the amended complaint was not verified, defendant declined. Defendant did not address verification under MCL 600.6434 separately from verification under MCL 600.6431, and while the statutes function slightly differently, there is no difference between their verification requirements. Accordingly, defendant has waived any argument that the amended complaint was not properly verified. [*Progress Mich*, 506 Mich at 92-93 (citations omitted).]

In a footnote, the Court stated:

> MCR 1.109(D)(3) specifies the verification requirement:
>
>> Verification. Except when otherwise specifically provided by rule or statute, a document need not be verified or accompanied by an affidavit. If a document is required or permitted to be verified, it may be verified by
>>
>>> (a) oath or affirmation of the party or of someone having knowledge of the facts stated; or
>>>
>>> (b) except as to an affidavit, including the following signed and dated declaration:
>>
>> "I declare under the penalties of perjury that this _____ has been examined by me and that its contents are true to the best of my information, knowledge, and belief." Any requirement of law that a document filed with the probate court must be sworn may be also met by this declaration.
>
> The amended complaint contains no oath or affirmation by plaintiff or by someone having knowledge of the facts stated and does not include a signed and dated declaration consistent with MCR 1.109(D)(3)(b). The amended complaint merely includes the signature of plaintiff's executive director, subscribed and sworn to before the Ingham County Clerk. [*Progress Mich*, 506 Mich at 92 n 10.]

Our Supreme Court did not elaborate any further on the subject of verification. The Court proceeded to clarify that the applicable statute, MCL 600.6434, required that the complaint be verified but did not mean that an unverified complaint failed to "commence a civil action under MCL 600.1901 or toll the limitations period under MCL 600.5856." *Progress Mich*, 506 Mich at 97. The Court explained:

> Further, nothing in MCL 600.6431 or MCL 600.6434 suggests that the failure to comply with the verification requirement renders a complaint "null and void." Nor does any other provision of the COCA or the FOIA. Finally, as already stated, MCL 600.6422(1) dictates that the court rules governing civil actions in the circuit court govern actions in the Court of Claims, and no court rule renders a complaint filed without the requisite verification a nullity. [*Id.*]

Defendant argues that footnote 10 dictates the form that a verification must have to satisfy the statutory notice requirement of MCL 600.6431. Analysis of *Progress Mich*, and its footnote 10 in particular, however, reveals that the statements in the footnote were not essential to the determination of the case which required analysis and determination of MCL 600.6434's application. As such, the footnote must be regarded as obiter dictum. "Obiter dictum" is "an incidental remark or opinion" or "a judicial opinion in a matter related but not essential to a case." *Allison v AEW Capital Mgt*, LLP, 481 Mich 419, 437; 751 NW2d 8 (2008). Dictum does not constitute binding precedent. *McNeil v Charlevoix Co*, 275 Mich App 686, 702; 741 NW2d 27 (2007). In *Carr v City of Lansing*, 259 Mich App 376, 383-384; 674 NW2d 168 (2003) (quotation marks and citation omitted), this Court explained that "dictum" consists of a "judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive)."

Considering whether footnote 10 of *Progress Mich* has persuasive value for determination of the matters at bar, requires close analysis of MCR 1.109, and particularly Subpart (D)(3). "The rules governing statutory construction apply to the interpretation of court rules." *Vyletel-Rivard v Rivard*, 286 Mich App 13, 21; 777 NW2d 722 (2009) (citation omitted).[3] In *Rivard*, this Court explained:

> Court rules are to be interpreted to give effect to the intent of the Supreme Court, the drafter of the rules. The starting point is the language of the court rule. If the language of the rule is clear and unambiguous, then no further judicial interpretation is required or allowed. Only when the language is ambiguous is judicial construction appropriate. A provision of the law is ambiguous only if it irreconcilably conflicts with another provision or when it is equally susceptible to more than a single meaning. If judicial construction is required, this Court must adopt a construction that best accomplishes the purpose of the court rule. While the Court may consider a variety of factors, it should always use common sense. [*Id*. at 21-22 (quotation marks, alterations, and citations omitted).]

Under MCL 600.6422(1), unless our Supreme Court has adopted special rules for the Court of Claims, "[p]ractice and procedure in the court of claims shall be in accordance with the statutes and court rules prescribing the practice in the circuit courts of this state." See *Norman v Dep't of Transp*, ___ Mich App ___, ___; ___ NW 2d ___ (2021) (Docket No. 354459); slip op at 7. Our Supreme Court has not adopted special court rules for the Court of Claims respecting verification. Accordingly, MCR 1.109 applies to the Court of Claims unless the rule itself indicates otherwise.

Relying on the Court of Claims' *Gladson* decision, which in turn relied on its *Chisholm* decision, the Court of Claims in this case ruled that MCR 1.109(D)(3) did not apply to notices of intent because MCR 1.109 applies to "documents" which term it concluded applied only to pleadings, court orders, and judgments. Defendant argues that the rule applies to verifications and plaintiff argues that it does not.

---

[3] See also, *Spine Specialists of Mich, PC v State Farm Mut Auto Ins Co*, 317 Mich App 497, 501; 894 NW2d 749 (2016).

MCR 1.109 pertains to court records and documents, and sets forth filing standards. The rule provides in relevant part:

> (A)(1) Court records are defined by MCR 8.119[4] and this subrule. Court records are recorded information of any kind that has been created by the court or filed with the court in accordance with Michigan Court Rules. Court records may be created using any means and may be maintained in any medium authorized by these court rules provided those records comply with other provisions of law and these court rules.
>
> (a) Court records include, but are not limited to:
>
> (*i*) documents, attachments to documents, discovery materials, and other materials filed with the clerk of the court,
>
> (*ii*) documents, recordings, data, and other recorded information created or handled by the court, . . . .
>
> (b) For purposes of this subrule:
>
> (*i*) Documents include, but are not limited to, pleadings, orders, and judgments.
>
> &ast;  &ast;  &ast;
>
> (B) A document means a record produced on paper or a digital image of a record originally produced on paper or originally created by an approved electronic means, the output of which is readable by sight and can be printed to 8½ x 11 inch paper without manipulation.
>
> &ast;  &ast;  &ast;
>
> (3) Except when otherwise specifically provided by rule or statute, a document need not be verified or accompanied by an affidavit. If a document is required or permitted to be verified, it may be verified by
>
> (a) oath or affirmation of the party or of someone having knowledge of the facts stated; or

---

[4] MCR 8.119 in relevant part provides:

> (A) This rule applies to all records in every trial court. For purposes of this rule, records are as defined in MCR 1.109, . . .

      (b)   except as to an affidavit, including the following signed and dated declaration:

"I declare under the penalties of perjury that this _____ has been examined by me and that its contents are true to the best of my information, knowledge, and belief." Any requirement of law that a document filed with the probate court must be sworn may be also met by this declaration.

In addition to the sanctions provided by subrule (E), a person who knowingly makes a false declaration under this subrule may be found in contempt of court.

MCR 1.109(A)(1)(a)(*i*) and (*ii*) indicate that the rule applies to court records which "include, but are not limited to" documents and other materials filed with the clerk of court or handled by the court. MCR 1.109(A)(1)(b)(*i*) specifies that, for purposes of the subrule, documents "include, but are not limited to, pleadings, orders, and judgments." The use of the terms "include, but are not limited to", preceding the listed items "pleadings, orders, and judgments", signifies that other items constitute documents for purposes of the court rule and the three items listed are not the exclusive things that are "documents" that are court records. See generally, *In re Estate of Klein*, 316 Mich App 329, 337; 891 NW2d 544 (2016) (explaining that a statute's language that stated "includes, but not limited to" granted the agency "discretion to include other requirements . . . ."); see also *Ketchum Estate v Dep't of Health & Human Servs*, 314 Mich App 485, 502; 887 NW2d 226 (2016).

MCL 600.6431(1) specifically requires that a claim may not be maintained unless the claimant files in the office of the clerk of the Court of Claims a written claim or a written notice of intention to file a claim against the state. This requirement dovetails with MCR 1.109(A). We conclude that a written notice of intention to file a claim against the state falls within the broad category of "documents" governed by MCR 1.109 as court records because it is a document filed with the clerk of the court and handled by the clerk of the court. Further, because MCL 600.6422(1) requires that the "[p]ractice and procedure in the court of claims shall be in accordance with the statutes and court rules[,]" when considered in conjunction with MCL 600.6431, and the fact that our Supreme Court has not adopted any special rule regarding the definition of "verification" for purposes of the Court of Claims, the court rules apply to verification under MCL 600.6431, including MCR 1.109(D)(3)'s specific provisions regarding how a document that is required to be verified may be verified.[5]

---

[5] MCR 1.103 provides that the court rules govern practice and procedure in all courts established by the constitution and laws of this state. "The Court of Claims is a 'legislative court' and not a 'constitutional court' and derives its powers only from the act of the Legislature and is subject to the limitations therein imposed." *Okrie v State of Michigan*, 306 Mich App 445, 456; 857 NW2d 254 (2014) (citation omitted). The court rules generally apply to the Court of Claims. See *Norman v Dep't of Transp*, ___ Mich App ___, ___; ___ NW 2d ___ (2021); slip op at 7 ("MCL 600.6422 unambiguously provides that the Court of Claims must follow the statutes and the procedural court rules prescribed by our Supreme Court, but it also authorizes our Supreme Court to adopt special practice and procedural rules for the Court of Claims.").

The syntactical structure of MCR 1.109(D)(3), indicates that Subparts (a) and (b) are separated by the disjunctive word "or." This Court has explained that the "use of the disjunctive word 'or' indicates an alternative or choice between two things." *Pike v Northern Mich Univ*, 327 Mich App 683, 697; 935 NW2d 86 (2019) (quotation marks and citation omitted). MCR 1.109(D)(3), therefore, must be understood as providing two alternative means of verification. The document may be verified by (1) an "oath or affirmation of the party or of someone having knowledge of the facts stated" as permitted under MCL 1.109(D)(3)(a), *or* (2) by including a signed declaration in the form specified in MCR 1.109(D)(3)(b). Accordingly, a claimant may choose either means of verification described under MCR 1.109(D)(3) unless MCL 600.6431 prohibits one of the available choices. The plain and unambiguous language of MCL 600.6431(2)(d) restricts the choice a claimant has respecting verification of a claim or notice of intention to file a claim because it specifies that a claim or notice must contain a "signature and verification by the claimant before an officer authorized to administer oaths." Therefore, the alternative means of verification by declaration in the form specified under MCR 1.109(D)(3)(b) is not an option available to a claimant who files a claim or notice of intention to file a claim against the state.

Further, nothing in the court rule or MCL 600.6431 suggests that a claimant must take a "belt and suspenders" approach by using the declaration form described in MCR 1.109(D)(3)(b) and signing it "before an officer authorized to administer oaths" as described under MCR 1.109(D)(3)(a). Imposition of such a combination of requirements goes well beyond the statutory verification requirement and the rule's verification requirement. For these reasons, to the extent that footnote 10 of *Progress Mich* could be read to suggest that verification requires doing both MCR 1.109(D)(3)(a) and (b), one cannot reasonably consider *Progress Mich* persuasive on the issue of the form of a verification because such reading does not comport with the court rule's use of the disjunctive word "or."

Defendant's insistence that plaintiff had to include a declaration in the form specified under MCR 1.109(D)(3)(b), therefore, lacks merit. Plaintiff is correct that such declaration form would not satisfy MCL 600.6431(2)(d)'s requirement. The question remains whether plaintiff met the statutory verification requirement by using a jurat form and signing her notice of intent before a notary public who signified that plaintiff's signature was subscribed and sworn before the notary.

MCL 55.285(1)(b) of the Michigan law on notarial acts, MCL 55.261 *et seq.*, authorizes a notary public to administer oaths and affirmations. Under MCL 55.285(3), "[i]n taking a verification upon oath or affirmation, the notary public shall determine, either from personal knowledge or from satisfactory evidence, that the individual in the presence of the notary public and making the verification is the individual whose signature is on the record being verified." "In all matters where the notary public takes a verification upon oath or affirmation, or witnesses or attests to a signature, the notary public shall require that the individual sign the record being verified, witnessed, or attested in the presence of the notary public." MCL 55.285(5). MCL 55.267(e) defines the term "verification upon oath or affirmation" as "a declaration, made by an individual on oath or affirmation before a notary public, that a statement in a record is true."

A "jurat" is defined as "a certification by a notary public that a signer, whose identity is personally known to the notary public or proven on the basis of satisfactory evidence, has made in the presence of the notary public a voluntary signature and taken an oath or affirmation vouching

for the truthfulness of the signed record." MCL 55.265(a). In this case, for her signature verification, plaintiff's notice of intent provided as follows:

Respectfully submitted,

*Martha M Cavill*

By: Martha M. Cavill, Claimant
1694 Michigan Blvd.
Lincoln Park, MI 48146
313-633-6860

NOTARY

Dated: 8-21-2019

Subscribed and sworn to before me this
21st day of AUGUST , 2019 .
*Judy J. Black*
Notary Public | MACOMB County, MI
My Commission Expires 2-6-2025
ACTING IN OAKLAND COUNTY

JUDY J. BLACK
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Feb 6, 2025
ACTING IN COUNTY OF OAKLAND

Such signature, notarized by a notary public whose notarization was expressed in the form of a jurat, complied with the requirements of the Michigan law on notarial acts, MCL 55.261 *et seq.*, including its verification provisions because the notary acted under a valid commission and specified that plaintiff's signature was subscribed and sworn before the notary on the date specified. Plaintiff's verification also complied with MCR 1.109(D)(3)(a)'s verification oath or affirmation requirement. Accordingly, plaintiff's notarized signature complied with MCL 600.6431(2)(d)'s verification requirement because plaintiff signed and verified her notice of intent "before an officer authorized to administer oaths."

Therefore, we reject defendant's argument that claimants are required to use the declaration form specified in MCR 1.109(D)(3)(b) because it is based upon a misreading of MCR 1.109(D)(3). Further, to the extent defendant advocates a requirement of a formal verification that combines MCR 1.109(D)(3)'s Subparts (a) and (b), that argument fails because MCL 600.6431(2)(d) does not require such. Accordingly, we affirm the Court of Claims' ruling that plaintiff satisfied MCL 600.6431's notice of intent verification requirement.

Defendant also raises in its appeal an issue regarding whether and when a claimant may cure a defect in a verification required under MCL 600.6431. The record reflects that, although plaintiff asserted in response to defendants' motion for summary disposition that she cured any verification defect by filing a verified amended complaint, defendants never responded to that argument and the Court of Claims did not consider or decide the issue. The Court of Claims'

-13-

opinion and order disposed of the notice of intent verification issue on the grounds set forth in its previous opinion in *Gladson* which relied on the Court of Claims' previous analysis in *Chisholm*. Neither of those cases considered, addressed, or decided the issue whether a verification defect could be cured.

An issue is preserved for appellate review if the party raised the issue before the lower court, and the lower court addressed and decided the issue. *General Motors Corp*, 290 Mich App 355, 386-387; 803 NW2d 698 (2010). As explained in *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008):

> Michigan generally follows the "raise or waive" rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal.

> The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [Quotation marks and citations omitted.]

Defendant did not preserve for appeal the issue regarding whether and when a claimant may cure a defect in a verification required under MCL 600.6431. Because this issue was not preserved for appeal, we need not review it. *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Nevertheless, we have discretion to "overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. However, we exercise discretion to review unpreserved issues sparingly and only where exceptional circumstances warrant review. *Booth v Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993).

In this case, exceptional circumstances are not presented that would warrant review of the unpreserved issue. Accordingly, we decline to consider the unpreserved issue.

Affirmed.

/s/ Colleen A. O'Brien
/s/ James Robert Redford